# Thomas Roberts & Company *v.* Andrews & Company.

*Principal and agent—Factor's commissions—Contract—Revocation of naked authority.*

Where a contract confers simply a naked authority to sell upon commission, such authority is revocable before any steps have been taken to carry it into execution and prior to the consignment of the goods.

Judgment is properly refused where the affidavit discloses simply a case of withdrawal from a factor of his power to sell before he had taken any steps to execute that power or acquired any interest in the goods with regard to which the power was to be exercised, or been involved in any expense or liability, and while the goods still remained in possession of the principal.

Argued Oct. 3, 1900. Appeal, No. 224, Oct. T., 1899, by defendants, in suit of Thomas Roberts & Company against J. B. Andrews & Company, from judgment of C. P. No. 1, Phila. Co., Sept. T., 1899, No. 104, in favor of plaintiffs for want of a sufficient affidavit of defense. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed. Opinion by W. D. PORTER, J.

Assumpsit. Before the court in banc.

It appears from the record that this was an action for an alleged breach of contract founded upon the following writings:

## A.

It is agreed under signature given below that Thomas Roberts & Company are to charge their commission on all goods of our pack sold through any other source, except what may have been sold before to-day. Mr. Andrews to-day calls in all offerings.

PHILADELPHIA, 1/26, 1899.

THOMAS ROBERTS & Co.,.
116 So. Front Street.

Thomas Roberts & Company are hereby authorized to sell on their regular commission account and terms the following goods, pack of 1899, 10,000 cases Duke of Maryland, No. 3, also Royal Red Label standard tomatoes at 70 c. f. o. b. Phila.

J. B. ANDREWS & Co.

Sale of 5 M of above guaranteed at this price.

## B.

It is agreed under signature given below that Thomas Roberts & Company are to charge their commission on all goods of our pack sold through any other source.

PHILDELPHIA, 1/26, 1899.

THOMAS ROBERTS & Co.,
116 So. Front St.

Thomas Roberts & Company are hereby authorized to sell on their regular commission account and terms the following goods, pack of 1899:
500 cases ex. sifted E. J. Peas, Duke of Maryland label, at $1.00, Phila.
1,000 cases sifted E. J. Peas, at 80, Phila.
1,000 cases standard E. J. Peas, at 70, Phila.

J. B. ANDREWS & Co.

Defendant filed the following affidavit of defense:

On January 26, 1899, the deponent executed the papers set forth in plaintiffs' statement of claim, whereby Thomas Roberts & Company were "authorized to sell on their regular commission account and terms, the following goods, pack of 1899," the

papers setting forth in one case, 10,000 cases Duke of Maryland tomatoes, and the other 2,500 cases of peas. Deponent further says that on or before January 27, shortly after the execution of said writings authorizing Thomas Roberts & Company to sell said goods, deponent wrote to said Thomas Roberts & Company who do business in the city of Philadelphia, notifying said Thomas Roberts & Company that deponent canceled said writings of January 26, 1899, which cancelation was received by the plaintiffs at Philadelphia on January 27, 1899. Deponent is not in possession of a copy of the letter written by him to the said Thomas Roberts & Company, and cannot give the exact wording of said letter of cancelation, but deponent avers that by said letter of cancelation he notified the said Thomas Roberts & Company that he canceled said writing, and that they were not to sell any peas or tomatoes for his account. Deponent is informed and believes and therefore avers that the said Thomas Roberts & Company, on January 26 and 27, 1899, took no steps whatever looking toward the sale of any of the pack of tomatoes or peas packed by the deponent, and that the said Thomas Roberts & Company went to no expense whatsoever in any effort to sell the tomatoes and peas packed by deponent. Deponent further avers that the statement set forth in plaintiffs' statement of claim that there was an "agreement by plaintiffs to furnish defendant with funds to aid him in operating his cannery during the canning season of 1899" is untrue, and deponent further avers that the only understanding and agreement between the parties was that set forth in the papers executed by the defendant on January 26, 1899, and deponent avers that under said papers he had the right to withdraw from sale by Thomas Roberts & Company of any and all goods mentioned by him in said papers. Deponent believes and therefore avers that the plaintiffs never made a sale of any of the goods packed by deponent during the year 1899, and deponent further avers that he did not pack or sell about 7,000 cases of tomatoes in excess of the 10,000 cases of tomatoes set forth in the paper dated January 26, 1899. Deponent further avers that about the time of signing the said papers on January 26, 1899, a large quantity of the tomatoes to be packed by him during 1899 had been sold by other brokers for his account.

Deponent therefore avers that he is not indebted to the plain-

314      ROBERTS & CO. *v.* ANDREWS & CO.

Statement of Facts—Opinion of the Court. [15 Pa. Superior Ct.

tiffs in any sum whatever, as the plaintiffs performed no service whatsoever under the papers of January 26, 1899, having received notice of the cancelation on the morning of January 27, 1899, at which time the defendants withdrew from sale by said plaintiffs the said tomatoes and peas set forth in said papers dated·January 26, 1899.

Judgment for plaintiffs for want of a sufficient affidavit of defense for $914. Defendants appealed.

*Error assigned* was in making absolute plaintiffs' rule for judgment for want of a sufficient affidavit of defense.

*William M. Stewart, Jr.*, with him *Frederick S. Drake* and *John Sparhawk, Jr.*, for appellant.—That the writings in this case were nothing more than a naked authority to sell on commission, and having been revoked prior to any action taken by Thomas Roberts & Company thereunder, the latter have suffered no loss thereby: 3 Am. & Eng. Ency. of Law (1st ed.), title "Commission Merchant," p. 324; Edwards on Brokers & Factors, sec. 85.

We therefore earnestly submit that it was error, from any view of the facts, to enter judgment for the full profits that they might have made.

*Theodore W. Reath*, with him *Thomas Reath* and *Albert B. Weimer*, for appellees.—It will be seen upon these pleadings that defendants' affidavit of defense is a plea by way of confession and avoidance, or set-off; and accordingly must be full and specific, or it will not prevent judgment.

All the cases in Pennsylvania are agreed that such averments are insufficient: Mack Paving Co. v. Young, 166 Pa. 267; Columbus Land Co. v. McNally, 172 Pa. 158; Pittsburg v. Daly, 5 Pa. Superior Ct. 528; Gausler v. Bridges, 13 Pa. Superior Ct. 646.

OPINION BY W. D. PORTER, J., November 19, 1900:

We must assume that the two written instruments signed by the defendant, dated January 26, 1899, (copies of which appear in the statement of facts in the report of this case), embrace the entire contract, for the affidavit of defense specifi-

cally avers that the only understanding and agreement between the parties was that set forth in the said papers. The affidavit of defense avers that the defendant canceled said written instruments and notified the plaintiffs of the withdrawal of their authority to make sales on January 27, 1899, the next day after the instruments were executed. If it appeared that, upon the faith of the stipulation that the plaintiffs should receive commissions upon the entire product of the defendant's factory sold through any other source, contained in the written instruments, the plaintiffs had contracted to sell the entire product and had made advancements on account of consignments of goods to be made under the contract, the defendant's right to revoke the agreements might well be doubted: Peck v. United States, 102 U. S. 64; Smedley v. Williams, 1 Parsons, 359; Baugh v. Kirkpatrick, 54 Pa. 84; Cockle v. Flack, 93 U. S. 344; Matthews v. Coe, 70 N. Y. 239. It is not, however, averred in the statement that the plaintiffs had made such advances, and the affidavit of defense explicitly denies that they had agreed to make them. These written instruments were not signed by the plaintiffs and contained no covenants which were binding upon them. If the plaintiffs had guaranteed sales of the goods to be consigned at not less than a minimum price, we would have had a contract presenting mutual covenants and vesting in the parties, respectively, rights which neither of the parties would have been at liberty to set aside without making compensation to the other. If it is sufficiently averred in plaintiffs' statement and proved at the trial that the plaintiffs did guarantee sales of the goods at a fixed price and that the defendant failed to perform his part of the contract, the plaintiffs may be entitled to recover damages. In such a case the measure of damages is the value of the right of which the party has been deprived; that is, the right to the profits which would have accrued from the execution of the contract. In determining the value of such right it is not sufficient to consider merely the amount of the prospective commissions, but the expense, trouble and risk necessarily attending the sale and delivery of the goods by the factor, before he would have become entitled to his commissions, must also be taken into account. The damages are to be ascertained as of the time of the breach, but it is the duty of the party injured to take all

reasonable steps to minimize the loss. These written instruments confer simply a naked authority to sell upon commission, and that such an authority is revocable before any steps have been taken to carry it into execution, and prior to the consignment of the goods, is too well settled to require citation of authority. The affidavit of defense avers that no steps had been taken by the plaintiffs, prior to notice of the cancelation of the agreements, to effect a sale under the authority conferred by these written instruments. If this affidavit of defense be true, this was simply a case of withdrawal from a factor of his power to sell before he had taken any steps to execute that power, or acquired any interest in the goods with regard to which the power was to be exercised, or been involved in any expense or liability, and while the goods still remained in possession of the principal. The plaintiffs were not, upon this state of facts, entitled to judgment.

The judgment is reversed and a procedendo awarded.