## COCKLE ET AL. *v.* FLACK ET AL.

1. Where a commission-merchant, in Baltimore, advanced to a pork-packer, in Peoria, $100,000, for which he was to receive interest at the rate of ten per cent per annum, and a fixed commission for the sale of the product, to be paid whether it was sold by the commission-merchant or not, it was properly left to the jury to decide on all the facts whether or not the commissions were a cover for usury, or were an honest contract for commission business, in connection with use of money.
2. The express agreement of ten per cent is not usurious, because lawful in Illinois, though not so in Maryland. *Andrews* v. *Pond*, 13 Pet. 65, reaffirmed.

ERROR to the Circuit Court of the United States for the Northern District of Illinois.

*Mr. Robert G. Ingersoll* for the plaintiffs in error.

*Mr. S. T. Wallis, contra.*

MR. JUSTICE MILLER delivered the opinion of the court.

Plaintiffs in error were engaged in the business of packing pork in Peoria, Ill., and the defendants were commission-merchants at Baltimore, in the fall of 1872, when the contract was

made which is the foundation of this suit. There had been transactions between the parties the previous year in the line of their business, and, with reference to the packing business of the approaching season, this agreement was made by letter. The substance of it is, that defendants should advance to plaintiffs, as it was needed, the sum of $100,000, which they were to invest in the hog product, at the rate of eighty per cent of the money so advanced, and twenty per cent of the money put into the purchase by plaintiffs. Defendants were to have interest on the money advanced at the rate of ten per cent per annum. The product was to be shipped to them for sale, and they were to have two and a half per cent commission on the amount, if sold within sixty days, and one per cent commission for every thirty days it was carried thereafter. The contract gave to plaintiffs the right to sell for themselves, without sending to defendants, but the latter were to have their commissions all the same.

When the product had all been sold out and an account rendered, a balance was found to be due defendants, for which they brought this suit, and recovered a judgment of $7,054.48.

It appears by the bill of exceptions that this balance was mainly if not wholly made up of the commissions charged on sales *not* made by defendants, of products which never came to their possession; and the recovery was resisted on the sole ground that these commissions were a device to cover usurious interest.

The charge of the court to the jury on this point was to the effect that the transaction was not necessarily usurious; that defendants, being engaged in the commission business, which required the use of money, might loan their money at lawful rates of interest to such parties and on such terms that it would bring to them also the business which would grow out of the investment of it; that, if the contract was made only with the honest purpose of securing, in addition to interest, the profits incidental to handling the product as commission-merchants, it was not usurious; that, on the other hand, such a contract might be used as a mere evasive device to cover usurious interest, and it left it to the jury to say from all the circumstances whether this were so.

There can be no question, that, on the general doctrine as to the line which marks the division between an honest transaction and a usurious cover, the charge of the court was correct; and that it is in this class of cases the province of the jury, in jury trials, and of the chancellor, in suits in equity, to determine, on a full consideration of all the facts, whether it be the one or the other.

But counsel for plaintiffs argue, that as to these commissions, which defendants never earned by sale of the property or by handling it, and as to which they were put to no cost or inconvenience, there can be no other consideration but the use of the money, and they are necessarily usurious.

It must be confessed that the argument has much force. But we are of opinion that it is not so conclusive that the court ought to have held as matter of law that it was usury.

It is to be considered that defendants were engaged in a business which was legitimate, and in which both custom and sound principle authorized the joint use of their money and their personal service, increased in value by their character for integrity and experience. To both these sources they looked for their profits, and they were necessarily united.

It was a necessity of their trade, and it was lawful for them, while loaning their money at a specified rate of interest, to stipulate with the parties to whom it was loaned for the incidental advantages of acting as commission-merchants for the sale of the property in which the money was to be invested by the borrower. They had the right also to require, as a condition of the loan, that it should be invested in such property as would require their services in selling and handling it. All this is admitted.

We see no reason why the parties could not go a step further, and stipulate, that if for any reason operating in the interest of the borrower he should prefer to become his own broker or commission-merchant, or to sell at home, he should pay the commission which the other had a right to contract for and receive. Like the port pilot, and other instances, they were ready and willing to perform. They had a place of business, clerks, and their own time and skill ready to devote to the plaintiffs' business. In that business they had a large pecuniary

interest.   They had loaned their money without requiring any other security than the obligation of the other party, except that which might arise from the property coming to their hands. To make this property a sufficient security, the contract required of the plaintiffs that they should invest in the same property twenty dollars of their own money to every eighty dollars borrowed of defendants.   The relinquishment of this right to control the sale of the property was a good consideration for the commissions which they would have made if they had sold it.

While it was possible to make such a transaction a mere cover for usury, it was at the same time possible that the contract was a fair one, in aid of defendants' business, — a business in which they were actually and largely engaged, and in which lending money was the mere incident and not the main pursuit.

It was, therefore, properly left to the jury to say whether, under all the circumstances, it was or was not a usurious transaction, under instruction to which we can see no objection.

We do not think the express reservation of ten per cent interest makes the contract usurious because the law of Maryland forbids more than six.   The contract was quite as much an Illinois contract, where ten per cent is lawful, as a Maryland contract, and the former is the law of the forum.   The ruling of the court below was in accord with what this court had held in *Andrews* v. *Pond*, 13 Pet. 65.          *Judgment affirmed.*