## N. Y. COMMON PLEAS.

THE CONCORD GRANITE COMPANY, plaintiff and respondent, agt. HAMLINE D. FRENCH, defendant and appellant.

*Costs — Effect of payment of note by indorser upon action brought against maker prior thereto — Code of Civil Procedure, sections 755, 756 — Action, when not to abate — Proceedings upon transfer of interest or devolution of liability.*

Where the indorser of a note paid it after an action had been commenced thereon against the maker:

*Held,* that such payment inured to the benefit of the indorser of the note, but did not furnish the maker with a defense thereon. By the payment the indorser acquired a cause of action against the defendant, and might have asked a substitution as plaintiff here; but the action did not abate, and, under the circumstances, was properly continued by the original plaintiff.

*General Term, June,* 1883.

*Before* DALY, *C. J.,* VAN BRUNT *and* BEACH, *JJ.*

APPEAL from an order made by the general term of the marine court, affirming a judgment rendered at the trial term thereof.

*L. B. Brunnell,* for appellant.

*C. Brainard,* for respondent.

BEACH, *J.* — This action was properly brought against the defendant as maker of the note. Thereafter and before answer the sum due upon it was paid the plaintiff presum-

ably by the payee and indorser, and the defendant, among other minor defenses, alleged in his answer that such payment was made by the indorser, and the plaintiff was not the real party in interest. The learned court below was not called upon to decide any other question. It was found that the indorser did not pay until after the commencement of this action.

It seems the contention between the parties only affects the question of costs. If the payment averred in the answer was in fact made by the defendant, it would have been better to have plead the truth. The defendant should now be held to his averment.

The evidence contained in the record shows the truth of the allegation in the answer that the note was paid by the Smith Granite Company, payee and indorser, to the plaintiff, as holder after this action was brought. This fact in no way inured as a defense to the defendant. His liability could only be met in this case from payment by him (*Edwards on Bills*, 535; *Story on Promissory Notes*, sec. 401; *Havens* agt. *Huntington*, 1 *Cow.*, 387).

The Smith Granite Company, by the payment, acquired a cause of action against the defendant, and might have asked a substitution as plaintiff here; but the action did not abate, and, under the circumstances, was properly continued by the original plaintiff (*Code Civil Procedure*, secs. 755, 756). What may result to the defendant from a correct disposition of the issue he made is of no importance, especially under the supposition entertained by me from the evidence that his answer was interposed with an intention of gaining a technical advantage, or escaping the payment of costs, for which he was properly liable.

In regard to the legal *status* of the three parties I concur in the view so clearly expressed by judge MCADAM in the court below.

The judgment should be affirmed, with costs and disbursements.

DALY, C. J., and VAN BRUNT, J., concur.