### NORWOOD & CO. v. FAULKNER.

In consideration of an advance by plaintiffs, who were cotton factors, defendant agreed to repay the amount advanced with ten per cent. interest, and also to ship to plaintiffs two hundred bales of cotton, to be sold on commissions, and failing so to do, to pay commissions for every bale deficient. *Held,* that the agreement to pay commissions on bales not shipped did not render the contract usurious, and was supported by a sufficient consideration.

Before WALLACE, J., Darlington, July, 1884.

This was an action by Norwood & Co. against L. Faulkner, commenced February 1, 1884, to foreclose a mortgage given to secure the payment of $1.25 a bale for 149 bales of cotton not shipped as required by contract. The mortgage secured a bond in the penal sum of $5,000, the condition of which was as follows :

That if the above bound L. Faulkner, his heirs, executors, and administrators, shall and do well and truly pay, or cause to be paid, unto the above named G. A. Norwood & Co., their certain attorneys, executors, administrators, or assigns, the full and just sum of twenty-five hundred dollars, if so much shall be advanced (or whatever sum or sums may be advanced) by them to me in moneys, merchandise, or other supplies or credits, to be evidenced

by my drafts, orders, and requests, and by their books, or otherwise, with factor's rate of interest on each advance from the time of the advance, by the first of December next; and shall also ship to them at least two hundred bales of cotton—commencing early in the season—to be sold by them on usual commission and applied to this indebtedness, or in default thereof to pay them the commissions on deficit shipment without fraud or further delay, then the above obligation to be void and of none effect, or else to remain in full force and virtue.

The Circuit decree (omitting its statement of the case) was as follows :

There being mutual stipulations, from which benefit was expected by each, the contract was certainly not without consideration ; and this agreement as to the shipment of cotton being a part of the contract, is supported by the consideration that supports the contract.

The second ground of defence is that the agreement in relation to the shipment of cotton makes the contract usurious. We have just seen that the contract is supported by a consideration; a failure to perform, therefore, by either would immediately raise in the other a right of action for damages. To recover damages, proof would be required as to the extent of the injury. It being stipulated between the parties, however, that if the defendant failed to perform that part of the contract in relation to the shipment of cotton, he would pay one dollar and twenty-five cents for each bale of the number not shipped according to agreement, this amount becomes liquidated damages. This has been expressly declared in the case of *Williams & Co.* v. *Vance & Moseley,* 9 *S. C.,* 374. In that case a contract almost precisely similar to this was the ground of the action. Williams & Co. agreed to make advances to Vance & Moseley ; Vance & Moseley agreed to pay interest on the advances and to ship cotton to Williams & Co., or to pay a stipulated sum for each bale not shipped, according to the agreement, just as in this case; they did not ship the number of bales they agreed to ship, just as in this case. Williams & Co. brought their action to foreclose for the payment of the balance due, and part of the balance was made up of the sum agreed to be paid upon the non shipment of the number of bales agreed to be shipped. The court held in that case that the

agreement to pay one dollar and twenty-five cents for each bale not shipped was liquidated damages and recoverable, and I must so hold here.

It is therefore adjudged, that plaintiffs have judgment for the sum of one hundred and eighty-six dollars and twenty-five cents. It is further ordered, that plaintiffs have leave to apply at the foot of this decree for an order of foreclosure of the mortgage described in the complaint, and of the sale of the mortgaged premises.

Defendants appealed upon the following exceptions :

I. Because, it is respectfully submitted, that it was error for his honor, the presiding judge, finding as a matter of fact that "the agreement as to the shipment of cotton being a part of the contract, is supported by the consideration that supports the contract," to hold that the contract between plaintiffs and defendant was not usurious.

II. Because it was error for his honor to find that the covenant on the part of defendant to ship 200 bales of cotton to plaintiffs, to be sold by them on commission, was not a *nudum pactum.*

*Messrs. Ward & Nettles,* for appellant, contended that if the agreement to ship cotton was in consideration of the money advanced, the promise to pay $1.25 a bale for cotton not shipped was usurious; if not so supported, then there was no consideration at all for such promise; and they *cited,* 9 *S. C.,* 374; 16 *Stat.,* 325; 18 *Stat.,* 35; *Pars. Cont.,* 108; *Bac. Abr., tit.* Usury, 405, 409; *Jones Mort.,* § 639; 17 *Ves.,* 46; 13 *Pet.,* 47; 15 *S. C.,* 468; *Tyl. Usury,* 104, 105; 20 *Am. Dec.,* 301.

*Messrs. Edwards & Rankin,* contra.

March 17, 1885. The opinion of the court was delivered by

MR. JUSTICE McIVER. The plaintiffs, who were factors and commission merchants, doing business in the city of Charleston, entered into an agreement with the defendant, doing business in Darlington County, whereby the plaintiffs were to make advances to defendant of money and supplies to an amount not exceeding

$2,500, and the defendant agreed to repay the same with interest at the rate of ten per centum per annum; and also agreed to ship to the plaintiffs at least two hundred bales of cotton to be sold by them on the usual commissions, shown by the evidence to be $1.25 per bale, or in default thereof to pay the like commissions on such number of bales as he might fail to ship.  To secure the performance of these stipulations the defendant executed his bond and mortgage to the plaintiffs, which constitute the cause of action in this case.  It is conceded that the defendant has repaid all the advances with interest, but having shipped only fifty-one bales of cotton the action is brought to recover the amount of the stipulated commissions on the one hundred and forty-nine bales which the defendant failed to ship according to contract.

The defence is rested upon two grounds; first, that the contract, so far as the stipulation to pay commissions on the cotton not shipped is concerned, is usurious.  Second, that such contract was without any consideration.  The Circuit judge held otherwise and rendered judgment for the plaintiffs.  From this judgment defendant appeals upon the same grounds.

First, was the contract usurious?  The act of 1882 (18 *Stat.*, 35,) forbids the taking of a greater rate of interest than seven per centum per annum "for the hiring, lending, or use of money or other commodity," except upon contracts in writing where the parties may stipulate for a rate not exceeding ten per cent.  It is incumbent, therefore, upon the defendant to show that the charge for commissions was for the hire, loan, or use of money or other commodity, and this we think he has not shown.  If this were so, then the plaintiffs would be converted from factors and commission merchants into mere money lenders, and there is nothing in the evidence to warrant us in so doing.  The object of the contract, so far as the plaintiffs were concerned, was not merely to secure a return of the money which they might advance, or the amounts which they might expend in the purchase of supplies shipped to the defendant, with interest on the same, but also to promote their business in which their capital was invested and to which their personal services were devoted, besides the necessary outlays in the way of store rent, clerk hire, &c.  Hence the contract obligated the defendant to do two things—to refund the

advances made to him with interest, and to ship the stipulated amount of cotton to the plaintiffs which they had prepared themselves to take charge of and sell, and in so doing had incurred expense not only in loss of time but in money actually paid out. The plaintiffs having thus equipped themselves for business as factors and commission merchants would very naturally endeavor to take all lawful means of extending their business as such, and, therefore, they very naturally required that the defendant should not only secure them the repayment of any advances they might make, with the lawful interest thereon, but, in order to forward their primary object, required the defendant also to ship them cotton, the main staple of their business. These views are fully sustained by the cases of *Matthews* v. *Coe*, 70 N. Y., 239, (26 *Am. Rep.*, 583,) and *Cockle* v. *Flack*, 93 *U. S.*, 344, cited in the argument of the counsel for respondent. We are satisfied, therefore, that there was no error on the part of the Circuit judge in holding that there was no usury in the transaction.

The only remaining inquiry is whether there was any consideration for the contract. The obligation of the defendant being under seal necessarily imported a consideration, but waiving that we think that the Circuit judge was right in holding that "there being mutual stipulations from which benefit was expected by each, the contract was certainly not without consideration." The defendant desired the plaintiffs to sell his cotton for him in Charleston, and this they agreed to do upon certain terms. In order to perform their part of the contract it was necessary for the plaintiffs to prepare themselves and hold themselves in readiness to receive and sell defendant's cotton as it was shipped to them, and necessarily involved, on their part, an expenditure of time and money. If the defendant incurred no liability by a failure to ship a part of the cotton which he agreed to ship to the plaintiffs, then he would incur no liability by a failure to ship any cotton at all; and if *he* could thus relieve himself from liability by a failure to perform his obligation, then *all* of the customers of the plaintiffs could do likewise, and this would certainly cause damage to the plaintiffs. It is clear, therefore, that the defendant would be liable to the plaintiffs for any damages which they might be able to show that they had sustained by reason of

the failure of the defendant to ship them the stipulated number of bales of cotton, if there had been no special contract between the parties fixing the amount of such damages. But in this case such special contract was entered into, which, it is conceded, under the case of *Williams* v. *Vance* (9 *S. C.*, 344), was an agreement for the payment of *liquidated* damages, and not a mere penalty to secure the performance of the contract on the part of defendant.

The judgment of this court is that the judgment of the Circuit Court be affirmed.