(23 Misc., Rep. 34.)

ONEIDA COUNTY BANK v. LEWIS et al.

(Supreme Court, Trial Term, Oneida County.   March, 1898.)

1. BILLS AND NOTES—PARTIES TO ACTIONS—SUBSTITUTION.
    An indorser on a note may, pending suit thereon, pay it, and take an assignment thereof and of the cause of action, and prosecute the action in the name of the original plaintiff.

2. SAME—JOINT OBLIGORS—DISCHARGE.
    By procuring an order severing an action on a joint note, and entering judgment thereon as to one maker, while proceeding severally against another not yet served, the latter was discharged.

3. SAME—INDORSERS—LIABILITY INTER SE.

    A joint maker who indorses the note is presumed to have done so before the indorsements of strangers to such note, and for the purpose of creating a several liability, and he is liable as an indorser, although discharged as a joint maker, and though the adverse party's indorsement appear first on the note.

Action by the Oneida County Bank against Philip E. Lewis and others. Judgment for plaintiff.

S. M. Lindsley, for plaintiff.

E. D. Lee, for defendants.

HISCOCK, J. The note in question is the last of two or more renewals. At the time the original note of the series was made, the defendant Lewis and one Gardner were co-partners, and the proceeds of the original note, when discounted by the plaintiff, were placed to their credit as such. All of the notes were in the same form, and were made and indorsed, respectively, by the same parties as the present one. When suit was commenced by the plaintiff, service was not obtained upon the present defendant and Crossman. An order was made providing that the action be severed, and that the plaintiff might proceed against said last-named persons as if they were the only defendants herein, and upon the same day judgment was entered in said action against the other parties to said note. After the summons and complaint had been issued against all of the defendants, including Lewis, Crossman paid to the plaintiff the amount of said note, and the same and the cause of action thereon were transferred to him.

In answer to the first defense urged, it seems to be well settled that Crossman, being an indorser and liable upon said note, had the right to make the payment which he did to the plaintiff, and to take an assignment and transfer of the note and cause of action, and continue the prosecution thereof in the name of the bank. He might have been substituted as plaintiff, but this was not necessary. Granite Co. v. French, 65 How. Prac. 317; Bank v. Pierce, 137 N. Y. 444, 33 N. E. 557; McGean v. Railway Co., 133 N. Y. 9, 30 N. E. 647.

The second defense seems to be well taken so far as the liability of Lewis as maker of the note is concerned. The note is in the form of and is a joint obligation by the makers, Lewis and Gardner. This being so, the entry of judgment against one of such makers, Gardner, is a bar to a second judgment against Lewis on his liability as maker. Candee v. Smith, 93 N. Y. 349, 351; O'Hanlon v. Scott, 89 Hun, 44, 47, 48, 35 N. Y. Supp. 31; Bank v. Hitch, 66 Hun, 401, 21 N. Y. Supp. 395. The attempt to sever the action, and obtain leave to proceed with it against Lewis and Crossman, while taking judgment against the other maker of the note, was evidently made under section 456 of the Code of Civil Procedure, which is not applicable to the case of defendants jointly, and not severally, liable. The defendant Lewis, however, in addition to signing the note as maker, indorsed it. That indorsement was, of course, an irregular one, but by it he subjected himself to individual liability upon the note. Daniel, Neg. Inst. (4th Ed.) § 703.

The note having been properly protested, I see no reason why the original holder at least (the bank) could not have held him as indorser as well as maker, if desired. In fact, the only object which can be discerned, if any there was, in his indorsing the note, was to create a several and individual liability, as distinguished from his joint liability as maker. The name of Crossman, however, appears upon the note ahead of that of Lewis; and it is therefore urged that Lewis, as indorser, was not liable over to him, and he (Crossman), being the real plaintiff here, cannot recover as against Lewis as such subsequent indorser. The bank could have recovered against all of the indorsers, including Lewis. But assuming that there could be urged in defense of this action, now being continued by Crossman, although in the name of the bank, any defense which would be available in an action brought by Crossman in his own name, I do not think that the argument of priority as between the indorsers themselves, made by the defendant, is a good one. Ordinarily, indorsers are liable as between themselves in the order in which their names are placed upon the note. But this rule is subject to various exceptions, as matter of law, and independent of evidence of any express agreement. For instance, when a stranger places his name as indorser upon a note above and before that of the payee, the law nevertheless presumes that he is an indorser second to the payee. Daniel, Neg. Inst. (4th Ed.) § 704.

In the case at bar, Lewis was one of the makers of the note, and ultimately liable for it; and it would seem to me a legal inference that, in indorsing the note, he became liable as the indorser before Crossman, who was a stranger to the note, although, as a matter of fact, Crossman's name may have been placed upon the note before that of Lewis; otherwise, independent of any discharge of Lewis as maker, there would be a succession of rights leading to circuitous and unnecessary actions. Lewis, as last indorser, would have a right to recover against Crossman, and then Crossman, in turn, would have the right to recover over against Lewis, as one of the makers. In the end, the responsibility of the note as between Crossman and Lewis would settle down upon Lewis as the maker; and this result, thus to be ultimately reached, is directly accomplished by drawing the inference, as above suggested, that the liability of Lewis as indorser was prior to that of Crossman. These views lead to a judgment in favor of plaintiff.

Judgment for plaintiff.