# Darden *v.* Schuessler.

### *Bill to Cancel Mortgage.*

(Decided Jan. 15, 1907.   45 So. Rep. 130.)

(Rehearing Denied Dec. 19, 1907.)

1. *Usury; What Constitutes.*—Usury is the taking of more for the use of money than the law permits.

2. *Same; Intent; Presumption.*—Where a contract is usurious on its face an unlawful intent is presumed.

3. *Same.*—Complainant's husband died owing defendants about $6,000.00 secured by mortgages on the wife's real estate. Complainant, the wife, owed one H. $3,026.00, which was secured by mortgage on her land. Defendants agreed to loan her at interest the sum due H. provided complainant and H. would convey to them the whole land as security for the loan of $3,026.00 and security for additional indebtedness of $800.00 due by complainant, and provided complainant would assume and secure the $6,000.00 due from her husband to defendant. Held, that the only consideration moving or passing to complainant was the loan of $3,026.00 and that to the extent the agreement undertook to charge her and her lands with the payment of the husband's debt it was usurious and void.   (Simpson, J., dissents.)

APPEAL from Chambers Chancery Court.

Heard before Hon. R. B. KELLY.

[Darden v. Schuessler.]

Bill by Caroline E. Darden against L. S. Schuessler trustee. There was a decree for defendant, and complainant appeals. Affirmed in part, and reversed in part, and remanded.

FOSTER & OLIVER, and E. M. OLIVER, for appellant. Complainant's contractual relation was that of suretyship for her husband on the mortgage, and such contract being absolutely void the mortgages were incapable of ratification by her.—*Price v. Cooper*, 123 Ala. 392. There was no written agreement by complainant of W. C. Darden which satisfies the statute of frauds, nor was there any verbal assumption of said debt based upon a new consideration, so as to make such assumption a new and independent contract.—*Underwood v. Lovelace*, 61 Ala. 15. If there was any agreement by the complainant to pay the debt of W. C. Darden, it is void under the statute of frauds. Neither the promise nor the consideration therefor being expressed in writing.—*Lindsey v. McRae*, 111 Ala. 542; *White v. White*, 107 Ala. 417; *Reid v. Rowan*, 107 Ala. 366; *King v. Tunstall*, 109 Ala. 608; *Foster v. Napier*, 74 Ala. 393; *Westmoreland v. Porter*, 75 Ala. 452; *Clark v. Jones*, 85 Ala. 127; Sec. 2152, Code 1896. If there was any promise by complainant to pay the debt of W. C. Darden, it was wholly without consideration, and void.—*Watson v. Reynolds*, 54 Ala. 191; *Ezell v. King*, 93 Ala. 470; *Richardson v. Fields*, 124 Ala. 535; *Westmoreland v. Porter*, 75 Ala. 452; *Clark v. Jones*, 83 Ala. 127; *Thompson v. Hudgins*, 116 Ala. 118. If complainant promised to pay the debt of W. C. Darden on the consideration of a loan to her of $3,026, to pay her debt to Hyde, then the promise to pay the debt of W. C. Darden and interest on it, in addition to the repayment of the loan and 8 per cent interest thereon, was a promise to give a bonus in addition to lawful interest for

[Darden v. Schuessler.]

the loan, and usurious and void.—*Harmon v. Lehman, Durr & Co.*, 85 Ala. 391-2; *Falls v. U. S. B. & L. Asso.*, 97 Ala. 417; *Uhlfelder v. Carter*, 64 Ala. 527; *Bank of Newport v. Cook*, 46 Am. St. Rep. (note), 178 et sey.; *Canal Co. v. Hagan*, 1 La. Am. 62; *Brown v. Baer*, 79 Ga. 347; *Miller v. Life Ins. Co.*, 54 Am. St. Rep. 741.

ARMSTEAD BROWN, J. J. ROBINSON, J. THOMAS HEF-LIN, and STEINER, CRUM & WEIL, for appellee. If a person has a right at law his forbearance to institute legal proceedings to enforce or protect it is a valuable consideration.—*Martin v. Black*, 20 Ala. 309; 6 A. & E. Ency. of Law, 764-767. A former contract founded upon good consideration may be subsequently modified or changed by and between the original parties without any new or additional consideration.—*Langford v. Cummings*, 4 Ala. 46; *Murphy v. Barfield*, 27 Ala. 634; *Thomason v. Dill*, 30 Ala. 444. The fact that the parties made an invalid promise would not prohibit them from making a subsequently valid one.—Clark on Contracts, 184. When it is claimed that a contract has been discharged by a new contract or by the introduction of new terms, the intention to discharge the old contract must distinctly appear.—Clark on Contracts, pp. 611-12. It follows that the oral agreement for which the money was advanced to Hyde as modified a few months later by the written contract forms a valid and subsisting contract between the parties unless the contract is void under the statute of frauds, or is usurious. The contract in question is not one of those at which the statute is aimed. This may be grounded on the doctrine of estoppel.—*Caldwell v. Smith*, 77 Ala. 165. The contract may not be contradicted but it may be explained.—*Dexter v. Ohlander*, 89 Ala. 269. That this case does not fall within the statute is clearly shown by the following authorities.—

[Darden v. Schuessler.]

Parsons on Contracts, vol. 3, p. 21; *Thornton v. Guice,* 73 Ala. 333; *Lehman v. Levy,* 69 Ala. 48. The object of the contract was to subserve the purpose of the promisor. —*McKenzie v. Jackson,* 4 Ala. 230; *Dunbar v. Smith,* 66 Ala. 490; *Westmoreland v. Porter,* 75 Ala. 352; *Coleman v. Hatcher,* 77 Ala. 217; *Clark v. Jones,* 85 Ala. 127; *Altman v. Fletcher,* 110 Ala. 452; *Merrill v. Witherby,* 120 Ala. 418. The promise to pay was the part of a new and independent contract founded upon a valuable consideration. moving to the promisor.—*Thornton v. Williams,* 71 Ala. 555; *Westmoreland v. Porter, supra; Coleman v. Hatcher, supra; Clark v. Jones, supra; Espalla, et al. v. Wilson,* 86 Ala. 487; *Mason v. Hall,* 30 Ala. 359; *Locke v. Humphries,* 60 Ala. 117; *Bessemer Sav. Bank v. Rosenbaum Groc. Co.,* 34 South. 609; *Linam v. Jones,* 134 Ala. 570. The contract is not usurious.—*Gross v. Cochran,* 111 Ala. 468; *Paulding v. Creagh,* 54 Ala. 646. Usury is a question of intent.— *Van Beil v. Fordney,* 79 Ala. 76; *Uhlfelder v. Carter,* 64 Ala. 527.

McCLELLAN, J.—The sole question on this appeal is whether the indebtedness of W. C. Darden, appellant's deceased husband, is properly chargeable against appellant. On reference to the register to state the account between appellant and appellees, she was charged therewith, and her exceptions to the register's report in that connection were disallowed by the chancellor. The exceptions made the points, first, that the alleged contract to assume the indebtedness of W. C. Darden (if made, which was denied) was violative of the statute of frauds; and, second, if exempt from that criticism, it was usurious. Whether the contract was one wholly without the statute of frauds, because it was a new and independent agreement resting upon its own consideration, or wheth-

er, as made, the contract met the requirements of the statute of frauds if within it, assuming in both events the assumption by appellant of her husband's debt, without deciding either, we are of the opinion that the contract as asserted by appellees is usurious. Hence consideration will be alone given that phase of the cause.

Generally speaking, usury is the taking of more for the use of money than the laws allow.—*Woolsey v. Jones,* 84 Ala. 88, 4 South. 190; *Harmon v. Lehman, Durr & Co.,* 85 Ala. 379, 5 South. 197, 2 L. R. A. 589; Code 1896, §§ 2626, 2630. However, it is not in every instance usury to take more than the laws allow, since an extra and reasonable sum for incidental service or expense is not interest.—*Woolsey's Case, supra.* This extra sum exacted cannot, we apprehend, in any case exceed the sum of the loan; nor can it so subvert the transaction as to make the loan a mere incident of the demanded extra charge. If such was not the rule, a subterfuge to avoid the usury statutes would be invited, and the result is apparent. Under our decisions intention has been accorded a large influence in the determination of the query: Is the contract usurious? But these adjudications do not impinge upon the rule, equally sound in reason, that intention is presumed when on its face the contract is usurious.—*Van Biel v. Fordney,* 79 Ala. 76. It is only when the contract is not usurious on its face that intention becomes a material inquiry.

To state the case with the utmost favor to the appellee, the appellant was a pressed and distressed debtor, a mortgagor, to one Hyde. The possession and ownership of a large landed estate was involved in her ability to raise and pay a balance due on the mortgage debt. Her husband had died, practically insolvent, indebted to appellee to the amount of approximately $6,000, secured only by void (as to her) mortgages on her real estate.

[Darden v. Schuessler.]

She applied to appellees for a loan to save the real estate from sale by Hyde, and in response appellees agreed to loan her at interest, $3,026, the necessary sum to pay said Hyde, provided conveyance of the whole land was made to them by Hyde as security to them for such loan, and for an indebtedness of about $800 due from her to appellees, and for the husband's debt of about $6,000, which she would assume, and which appellees charged or were to charge to her on their books. She was to remain in possession of the land for 15 years upon condition that she kept the aggregate amount then above $10,000, by February 1st of each year, at or below $9,000. Payment of the whole sum, of course, acquitted the land. The loan was made and the conveyance executed to appellees. It is conceded by appellees that the transaction was, in legal effect, a mortgage to secure an indebtedness to them. Our conclusion is that the sole and only consideration passing from appellees to appellant was the loan of $3,026. That sum was to be repaid in any event, and to that end was secured by real estate of many times that value. The maximum remuneration lawfully to be exacted for the use of said loaned sum was 8 per cent per annum. By the addition of the burden of the payment of the W. C. Darden indebtedness, a sum nearly twice the amount of the loan itself, usury was exacted.—*Miller v. Life Ins. Co.,* 118 N. C. 612, 24 S. E. 484, 54 Am. St. Rep. 741; *Shober v. Hauser,* 3 and 4 Dev. & Bat. (N. C.) 222; *Banking Co. v. Hagan,* 1 La. Ann. 62. In the *Shober Case, supra,* it is said: "Nay when it distinctly appears that the lender is to receive and the borrower to part with something valuable besides the lawful interest on the sum lent and there is no consideration shown other than the loan for this additional advantage to the lender, or the consideration shown is plainly inadequate, the influence of an usurious contract is so irresistible

that it is properly regarded as an inference of law." Quoting from *Owen's Case,* 2 Pet. (U. S.) 537, 7 L. Ed. 508, in the *Hagan Case, supra,* it is said : "A profit made or loss imposed upon the necessities of the borrower, whatever form, shape, or disguise it may assume, where the treaty is for a loan and the capital is to be returned at all events, has always been adjudged to be so much profit upon a loan, and to be violative of those laws which limited the lender to a specified rate of interest."

Solicitors for appellees have insisted that the case of *Valentine v. Conner,* 40 N. Y. 248, 100 Am. Dec. 476, is decisive, in their favor, of this question. We do not think so, since that case is easily distinguishable from this by reference to the majority opinion, wherein it appears that the property in part involved had been previously sold by the defendants to the third party whose indebtedness was assumed by the borrower, and there was a claim on or against the property by them. Besides, we are unable to see how the majority declaration in the *Valentine Case, supra,* can be reconciled with the later announcement of broad principles found in *Clarke v. Sheehan,* 47 N. Y. 188. If appellees had stipulated that to secure the loan appellant must promise to pay, in addition to the legal rate of interest, $6,000, and she so agreed, and the loan was consummated, we feel sure no one would be found to say that the contract was not usurious. When, on the hypothetical case stated, she agrees to pay $6,000 by way of settlement of a third party's debt for which she is wholly unresponsible, in our judgment, the conclusion must be the same. Here appellees, with full knowledge of the distressed financial condition of the appellant and with the purpose to profit by her extreme necessity by compelling her assumption, without other consideration, of the very doubtful, if not valueless, debt of her deceased husband, agreed to and did

loan her the amount stated. It would be difficult, indeed, to imagine a condition more perfectly within the beneficent provisions of the usury statutes.

But the appellees insist that the tenure of the appellant of the land in question affords consideration for her promise to pay the W. C. Darden debt. We cannot assent to this, for the reason that the transaction, being confessedly a mortgage to secure an indebtedness, and within a court of equity, not law, the mortgage is regarded as a mere security, and the appellant entitled, in the absence of stipulation to the contrary, to the possession. —*Welsh v. Phillips*, 54 Ala. 309, 25 Am. Rep. 679; *High v. Hoffman*, 129 Ala. 359, 29 South. 658. Besides this, the record, as it reveals the testimony, refutes any idea on the part of the appellees but the idea, uppermost at all times, that the loan was made in order to secure ultimate payment of the W. C. Darden debt. In fact, it is affirmatively stated that without this inducement the loan would not have been made. If, then, the appellant was entitled to the possession pending the performance of the condition, her promise to pay the W. C. Darden debt can find no support in that as a consideration. It follows that there was no consideration for her assumption of her deceased husband's debt to appellees, and that to the extent the agreement undertook to charge her therewith it is usurious, and in consequence the appellant is not chargeable with that indebtedness. The exceptions to the register's report, going to the exoneration of appellant from liability for the W. C. Darden debt, should have been sustained.

The decree of the lower court is affirmed in so far as it declares the deed from Hyde to Schuessler, trustee, dated January 11, 1895, and the written agreement between Mrs. Darden and Schuessler, construed in connection, a mortgage for the sum lawfully due them from

[Darden v. Schuessler.]

her; and it is also affirmed in so far as it determines by confirmation of the register's report, the irregularity of the reference being avoided by the agreement of the respective solicitors in the cause, the invalidity of the two mortgages executed to the Schuesslers by W. C. Darden on appellant's lands for his indebtedness to them; and it is also affirmed in so far as the report of the register is confirmed, except as above stated and held by this opinion. But the decree is reversed wherein it fixes and declares the sum total of the indebtedness from Mrs. Darden to Schuessler, and wherein it directs and requires a sale of the lands in question to pay that sum, the indebtedness of W. C. Darden to the Schuesslers being improperly included in such aggregate sum; and the cause is remanded, that the true account may be stated between the parties in accordance with this opinion. The costs of the appeal in this court and below will be taxed against appellees.

Affirmed in part, reversed in part, and remanded.

TYSON, C. J., and HARALSON and ANDERSON, JJ., concur. SIMPSON, J., dissents. DOWDELL and DENSON, JJ., not sitting.

## ON REHEARING.

PER CURIAM. Rehearing denied.

SIMPSON, J. dissenting).—The lands in question were originally the property of Judge Darden, the husband of complainant, and when sold under a mortgage were bought by complainant, or for her; the legal title being held by Hyde for her, to be conveyed when she paid for the lands. It is not shown that complainant had any independent means with which to pay for the lands, but the payments which were made on the pur-

[Darden v. Schuessler.]

chase price were made partly from a sale of a portion of the lands, and partly by the husband from the proceeds of crops raised on the lands. The evidence does not definitely show just how the lands were held and cultivated by Judge Darden in his lifetime, but simply that he was running the place, that it was not rented to him, that he disposed of the crops and paid no rent, that he owned the stock and farming implements, and that at the time the lands were conveyed by Hyde to Schuessler the land debt had been reduced from $20,000 to $9,000. The debt in dispute consists of advances made in supplies to Judge Darden during his life, and when he died he left no estate, except the stock and farming implements, which were retained by the complainant, without any administration, and the balance due on the supply account was charged to complainant, and carried forward from year to year on her account, which was presented yearly, without any objection on her part as to this item, but under her direction the yearly proceeds of crops were applied generally to the account. At the time the mortgage was made to Schuessler it does not appear distinctly that any specific objection was made to including therein the old debt, but the complainant objected to including all of the lands, saying that Schuessler was amply secured by the previous mortgage; but Schuessler stated that he could not lend the $3,000 unless the old debt was included and all the lands conveyed. The papers were so written, and the complainant took the papers home for examination before signing the same. If the farming operations on his wife's lands were conducted by Judge Darden as the agent of his wife, then the debt made for necessary supplies in order to conduct that business was the debt of the complainant. If, on the other hand, he was conducting the business on his own account and the crops belonged to him, then the

party making the advances would have an equitable right to demand that the proceeds of said crops should be applied to the payment of his debt and not diverted to the lifting of a lien from his wife's lands.—*Kelly v. Connell, Green & Co.,* 110 Ala. 543, 18 South. 9; *Wood & Son, et al. v. Riley,* 121 Ala. 100, 25 South. 723; *Watts, et al. v. Burgess,* 131 Ala. 333, 30 South. 868. So the assumption by complainant of the debt which had been made by her husband had equitable considerations connected with it, which differentiate it from the case of a bare assumption of the debt of another, in which she had no interest.

Usury is the charging of more than the legal rate of interest for the use of the money loaned, and, while the courts will sift every transaction, whatever may be the terms of the contract, and, if it is ascertained that it contains a mere shift or device to cover a real intent to receive more than legal interest for the use of the money, the contract will be declared usurious, yet it is settled in this state that a party may make a reasonable charge for advancing his money to another.—*Brown v. Harrison & Robinson,* 17 Ala. 774; *Swilley & Riley v. Lyon & Baker,* 18 Ala. 552, 556; *Dozier v. Mitchell,* 65 Ala. 511, 518; *Uhlfelder v. Carter's Adm'r,* 64 Ala. 527; *Woolsey & Sons v. Jones & Bro.,* 84 Ala. 88, 91, 4 South. 190; *Harmon v. Lehman, Durr & Co.,* 85 Ala. 379, 392, 5 South. 197, 2 188, 196, 197; *Cockle et al. v. Flack et al.,* 93 U. S. 344, 23 L. Ed. 949; 7 Wait's Actions and Defenses, 622; *Nourse v. Prime et al.,* 7 Johns. Ch. (N. Y.) 69, 11 Am. Dec. 403. The reasoning of the New York Court of Appeals seems to be in line with that of our own court, when it holds that "a loan is not rendered per se usurious from the fact that the lenders exacted as a condition of making the loan, that the borrower should secure to them the payment of a subsisting and genuine

debt due them from a third person."—*Valentine v. Conner*, 40 N. Y. 248, 100 Am. Dec. 476. It is true that a different view has been taken by the Supreme Court of North Carolina, where the agreement was to take out a policy of life insurance (*Miller v. Life Ins. Co.*, 118 N. C. 612, 24 S. E. 484, 54 Am. St. Rep. 741), yet, in addition to the fact that the decisions are not harmonious on that particular phase of the case (29 Am. & Eng. Ency. Law) [2d Ed.] 510), and that the court, in that case, was in error in holding that because, in its opinion, the debt was otherwise amply secured, the lender did not have the right to demand the additional security of a life policy, before lending the money, there were, as before stated, in the present case equitable considerations which were not presented in that one. So, as held in all of the cases, the question recurs, was the assumption of the former debt a mere shift or device to receive more than the legal interest for the use of the money? In the present case it cannot be said that that was the case. It was the desire to secure a debt which was justly due for goods sold, from which the complainant had, at least in part, reaped the benefit and had recognized it as her debt, from year to year, as she was purchasing supplies and receiving statements of her account.

I cannot agree that the contract was usurious; and the next question which presents itself is whether or not the assumption of the debt of another was supported by a consideration, within the statute of frauds. In addition to the equitable considerations before alluded to, it may be remarked that the register, in his report, found that said debt was assumed by the complainant "for a consideration," so that his report, which stands as the verdict of a jury, has ascertained that there was a consideration for the assumption of said debt, and, as will be seen hereafter, his conclusion was supported by the

evidence. The statute of frauds does not concern itself about the adequacy of the consideration, but only requires that there shall be a consideration.—*Bolling v. Manchus,* 65 Ala. 558, 562; *Moog v. Strang,* 69 Ala. 98, 102; *Rutledge's Adm'r v. Townsend, Crane & Co.,* 38 Ala. 706, 718; Browne on Stat. Frauds (5th Ed.) § 189. Besides the equitable considerations, the agreement to advance the money was a consideration, and, as intimated in the case of *Cockle v. Flack, supra,* by the Supreme Court of the United States, the defendant, Schuessler, not being in the business of lending money, but only doing it incidentally in his business of selling merchandise and securing debts due for the same, furnishes an additional reason for holding that the agreement to advance the money and give 15 years' time for its payment was a real, substantial consideration for the assumption of the debt. Schuessler was not under any obligation to advance the money, and he had a right to demand a consideration for doing so. The complainant could have assumed the payment of the debt for the consideration of $5, if she had chosen so to do, and, if fairly made, it would have been as valid as if the consideration had been greater. The transaction, then, was not subject to the plea of the statute of frauds.

Section 2529 of the Code of 1896, prohibiting the wife from becoming surety for the husband, has no bearing upon this case, as the complainant's husband was dead at the time she assumed the debt. She was not a married woman, but a feme sole, and the transaction was not governed by either the letter or the spirit of said section.

I think the decree of the chancellor should be affirmed.