MATHUSHEK & SON PIANO COMPANY, PLAINTIFF-APPEL-LANT, v. PERCY HUDSON, DEFENDANT-APPELLEE.

Submitted March 13, 1925 —Decided August 3, 1925.

Conditional Sales—Replevin—Contract Called For Payment in Monthly Installments With Interest—Judgment For Defendant on Ground That Principal Had Been Tendered, and as There Was No Rate of Interest Mentioned None Could be Collected—This Was Error—Contract Stated Interest, and When No Rate is Mentioned Legal Rate is Implied.

On appeal from the Bayonne District Court.

Before Justices TRENCHARD, MINTURN and LLOYD.

For the appellant, *Max L. Solinsky.*

For the appellee, *Alberico O. Ciccarelli.*

PER CURIAM.

This was an action of replevin in the Bayonne District Court to recover possession of a piano held by the defendant under a conditional sales agreement.   It was heard by the judge without a jury, and resulted in a judgment for the defendant.   The plaintiff appeals and claims that, under the evidence, the verdict and judgment should have been for the plaintiff.

The contract called for the payment of the purchase price of the piano in monthly installments, with interest, reserving

title in the seller until all was paid, with the right to take possession in default, and the proofs were that the principal was either paid or tendered by the defendant before suit brought, but that no interest was ever paid or tendered. At the trial there was offered in evidence a receipt which read as follows: "May 23, 1921. Received from P. Hudson, fifteen dollars [$15]. The Mathushek & Son Piano Co., per D. Stern. Balance, $335. Price of piano, $700. Amount paid, $345."

The court held that, because the rate of interest was not stated, none could be collected, and also that the words added to the receipt constituted a waiver of interest, and on these conclusions gave judgment for the defendant.

In this we think there was error. The contract obligated the defendant to pay interest as well as principal, and, in the absence of a stated rate of interest, the law implies the legal rate. From such payment he could only be absolved by some method recognized in the law. An erroneous statement of the balance due by the creditor could not effect such result. Debts are not so easily extinguished. As was said in *Clifton* v. *Tulane*, 47 *N. J. Eq.* 351; *affirmed*, 48 *Id.* 310, a case in which, like the present, the effort was made to establish that interest had been forgiven or canceled, "a debt * * * cannot be extinguished by a mere statement of the creditor that he will not enforce it, or that he forgives it, or even by a receipt for the whole, when, in fact, a part only has been paid." On the undisputed facts as they appear in the record the court should have found for the plaintiff.

The judgment will be reversed.