MAY J. FERDON AND FLORENCE A. CORBETT, PLAINTIFFS, v. ZARRIELLO BROS. INC., A NEW JERSEY CORPORATION, DANIEL A. ZARRIELLO, ANTHONY ZARRIELLO AND ELAINE ZARRIELLO, DEFENDANTS.

Superior Court of New Jersey
Law Division

Decided March 12, 1965.

*Mr. William H. McLeester* for plaintiffs (*Mr. Malcolm C. Mercer,* attorney).

*Mr. Edward V. Torack* for defendant Anthony Zarriello (*Messrs. Messineo & Messineo,* attorneys).

BOTTER, J. S. C. Plaintiffs have moved for summary judgment against defendant Anthony Zarriello on a promissory note. The defense is usury. It is conceded that the note was given in an amount which exceeded the moneys actually advanced at the time the loan was made, but plaintiffs contend that usury doesn't apply because the excess was for past-due interest on a loan previously made by plaintiffs to the corporate defendant, Zarriello Bros. Inc.

In 1958 plaintiffs made a loan to Zarriello Bros. Inc. and received a note in the sum of $5,000, dated March 28, 1958, payable on demand, with interest at 6%. This note was per-

sonally indorsed by defendant Daniel Zarriello, who was president of the corporation at the time. Thereafter, plaintiffs made a new loan to defendants Daniel A. Zarriello and Anthony Zarriello, and they executed and delivered to plaintiffs their promissory note, dated September 24, 1962, in the sum of $3,000, payable two months after date, "with interest." It is on this note that plaintiffs have moved for summary judgment against Anthony Zarriello. (Default judgments had previously been entered against the corporate defendant and Daniel Zarriello, personally, for the claims asserted against them in the complaint. The action against Elaine Zarriello, who executed the first note as secretary of the corporation, has been dismissed by consent order. The action, then, continues solely as against Anthony Zarriello.)

Anthony Zarriello asserts by affidavit that the note executed by the corporation for $5,000 was for a loan of $4,500, with the balance of $500 representing a premium or bonus in addition to the 6% interest called for by the note. It is further asserted that the later note of $3,000 was for a fresh loan of $2,100, with the balance of $900 representing interest due on the earlier corporate obligation. It is contended that since the original loan by the plaintiffs to the corporate defendant was at an interest rate in excess of the 6% annual rate permitted by *N. J. S. A.* 31:1–1, the note signed by Anthony Zarriello individually is usuriously infected by the inclusion therein of such past-due interest. Plaintiffs concede that the later note did include some past-due interest owed on the corporate obligation, but they dispute the amount.

Under New Jersey law if a loan is usurious, the lender may nevertheless recover the principal of the loan, the amount or value actually lent, without interest or costs of the action. *N. J. S. A.* 31:1–3; *Ditmars v. Camden Trust Co.,* 10 *N. J.* 471, 496–498 (1952); *Gorrin v. Higgins,* 73 *N. J. Super.* 243, 249 (*Ch. Div.* 1962). Accordingly, on this motion the court has allowed the entry of a partial summary judgment pursuant to *R. R.* 4:58–1 in the amount of $2,100, without interest or costs. What remains in issue is the balance

of the note sued upon, consisting of the past-due interest on the corporate note and interest, costs and attorneys' fees as provided in the new note. On this issue it is not significant that the corporate loan called for interest in excess of 6% per annum. A corporation cannot set up the defense of usury to an obligation executed by the corporation. *N. J. S. A.* 31:1–6; *Gelber v. Kugel's Tavern, Inc.,* 10 *N. J.* 191 (1952). Moreover, individual indorsers of a corporate note cannot plead usury if the note represents a true corporate borrowing and is not a subterfuge for a loan to individuals. *Ibid.,* at *p.* 196; *Fine v. H. Kline, Inc.,* 10 *N. J. Super.* 295 (*Cty. Ct.* 1950); *cf. Lane & Co. v. Watson,* 51 *N. J. L.* 186 (*Sup. Ct.* 1889), affirmed 52 *N. J. L.* 550 (*E. & A.* 1890), applying New York law; *Union Estates Co. v. Adlon Construction Co.,* 221 *N. Y.* 183, 116 *N. E.* 984, 12 *A. L. R.* 363 (*Ct. App.* 1917); *Winkle v. Scott,* 99 *F. 2d* 299 (8 *Cir.* 1938), *certiorari* denied 306 *U. S.* 634, 59 *S. Ct.* 484, 83 *L. Ed.* 1036 (1939). This rule applies notwithstanding that personal liability is imposed for loans at an interest rate that would be usurious had the loans been made to the individuals. But see *Lesser v. Strubbe,* 39 *N. J.* 90, 91 (1963) (Francis, J., dissenting). Therefore the fact that a corporate obligation bears interest at more than 6% per annum does not make the defense of usury available to one who, for consideration, later undertakes to pay or to guarantee payment of that antecedent obligation. *Winkle v. Scott, supra.*

Rejecting the assertion of usury in the loan to the corporation, nevertheless the later loan to Anthony Zarriello and Daniel Zarriello, as individuals, must be examined for its own usurious content. It is asserted that plaintiffs loaned $2,100 in exchange for the promised repayment by Anthony Zarriello and Daniel Zarriello of $2,100, plus repayment of an antecedent debt, which Anthony Zarriello was not previously obligated to pay, plus interest. Generally speaking, usury is the exaction of more than lawful interest in exchange for a loan. See *Williston, Contracts* (*rev. ed.* 1938), § 1684, *p.* 4765; *In re Greenberg,* 21 *N. J.* 213, 219 (1956); *State*

*v. Martin,* 77 *N. J. L.* 652 (*E. & A.* 1909); *Borcherling's Executor v. Trefz,* 40 *N. J. Eq.* 502 (*Ch.* 1885); *Hughson v. Newark Mortgage Loan Co.,* 57 *N. J. Eq.* 139 (*Ch.* 1898); *Norton v. Nathanson,* 85 *N. J. Eq.* 409 (*Ch.* 1916), affirmed *per curiam,* 86 *N. J. Eq.* 433 (*E. & A.* 1916). Since the promissory note calls for interest without specifying its rate, the law implies that the legal rate of interest is payable. *Jersey City v. O'Callaghan,* 41 *N. J. L.* 349 (*E. & A.* 1879); *Mathushek & Son Piano Co. v. Hudson,* 3 *N. J. Misc.* 757, 130 *A.* 2 (*Sup. Ct.* 1925). Thus, on its face, this transaction is usurious. In addition to interest it exacts from Anthony Zarriello his promise to pay the debt of another. Notwithstanding that the debt assumed was not itself usurious, in the eyes of the law the exacted assumption of another's debt makes the loan to a new borrower usurious unless the exaction is supported by consideration other than the money newly loaned. *Canal-Commercial Trust & Sav. Bk. v. Brewer,* 143 *Miss.* 146, 108 *So.* 424, 47 *A. L. R.* 45 (*Sup. Ct.* 1926), writ of error dismissed, 273 *U. S.* 638, 47 *S. Ct.* 96, 71 *L. Ed.* 816 (1926); *Simpson v. Charters,* 188 *Ga.* 842, 5 *S. E. 2d* 27 (*Sup. Ct.* 1939); *Bishop v. Exchange Bank,* 114 *Ga.* 962, 41 *S. E.* 43 (*Sup. Ct.* 1902); *Janes v. Felton,* 99 *W. Va.* 407, 129 *S. E.* 482 (*Sup. Ct.* 1925); *Darden v. Schuessler,* 154 *Ala.* 372, 45 *So.* 130 (*Sup. Ct.* 1907); *Restatement, Contracts,* § 528 (1932); 6 *Williston, Contracts* (*rev. ed.* 1938), § 1693, *fn.* 2, *p.* 4790.

 Not all exactions from a borrower, in addition to his promise to repay principal with interest, are illegal. Exceptions are recognized for expenses of making the loan, attorney's fees, broker's commissions and the like, when taken in good faith and not as a device for evading the usury laws. *Lesser v. Strubbe,* 56 *N. J. Super.* 274, 295 (*Ch. Div.* 1959), modified on other grounds, 67 *N. J. Super.* 537 (*App. Div.* 1961), and, *per curiam,* 39 *N. J.* 90 (1963); *Roth & Miller v. Temkin,* 90 *N. J. L.* 39 (*Sup. Ct.* 1917); *Dayton v. Moore,* 30 *N. J. Eq.* 543 (*Ch.* 1879); *White v. Dwyer,* 31 *N. J. Eq.* 40 (*Ch.* 1879); *Forbes v. Baaden,* 31 *N. J. Eq.* 381 (*Ch.*

1879); *Borcherling's Executor v. Trefz, supra*; *Leipziger v. Van Saun*, 64 *N. J. Eq.* 37 (*Ch.* 1902); 6 *Williston, Contracts* (*rev. ed.* 1938), § 1694, *p.* 4792; Annotation, "Usury: expenses or charges incident to loan of money," 21 *A. L. R.* 797 (1922). The courts have also sustained additional undertakings by the borrower when supported by fair consideration apart from the loan itself. See *Gillette v. Ballard*, 27 *N. J. Eq.* 489 (*E. & A.* 1875), affirming 25 *N. J. Eq.* 491 (*Ch.* 1875), where the borrower agreed to furnish room and board to the lender, but this promise was separately supported by the lender's agreement to render services at the borrower's hotel; *Homeopathic Mutual Life Insur. Co. v. Crane*, 25 *N. J. Eq.* 418 (*Ch.* 1874), where the borrower's son was required to take out an insurance policy with the lender as a condition for the loan, but the policy was issued at a fair and usual rate. *Cf. Lane v. Washington Life Ins. Co.*, 46 *N. J. Eq.* 316, 318 (*E. & A.* 1889), where the court sustained a similar loan, on the ground that there was no proof that the insurance company required the borrower's son to take out an insurance policy "as a condition precedent to the making of the loan * * *." See also *Restatement, Contracts*, § 528 (1932). However, the courts zealously guard against the lender's receiving any part of the attorney's fee or brokerage commission or other charges upon the borrower, except for reasonable expenses incurred by the lender in making the loan. *Borcherling's Executor v. Trefz, Leipziger v. Van Saun*, and *Lane v. Washington Life Ins. Co., supra*.

A borrower's undertaking to pay the debt of another in exchange for a loan, and as an added price for borrowing money, is unrelated to any of the exceptions mentioned above. Exceptions for attorneys' fees and brokers' commissions do not increase the return to the lender for the use of his money. The exception for reimbursement to the lender of reasonable expenses incurred by him assures the lender the full return allowed by law on the loan. But the payment of another person's debt to the lender, in addition to repayment of principal with interest at the maximum legal rate on the new loan, not

132

only increases the cost to the borrower but also increases the return to the lender on the current loan beyond the lawful rate. The result is that which the usury laws were designed to prevent.

In most states, therefore, the usury laws have been construed to condemn the undertaking of a borrower to pay the debt of another as an added price for obtaining a loan. That the borrower and the person whose debt is assumed are relatives, as in the case at hand, is immaterial. See *Simpson v. Charters, supra,* holding usurious a borrower's assumption of the debt of a corporation of which he was president and his wife the principal stockholder; *Janes v. Felton, supra,* holding usurious a borrower's assumption of the debts of her deceased husband and husband's stepmother; *Winder Nat. Bank v. Graham,* 38 *Ga. App.* 552, 144 *S. E.* 357 (*Ct. App.* 1928), holding usurious a loan to a mother who guaranteed her son's pre-existing debt for which she was not liable before her own borrowing; *Darden v. Schuessler, supra,* holding usurious a widow's agreement to pay a $6,000 debt of her deceased husband as the price of a loan of $3,026. See also *Restatement, Contracts,* § 528, example 5 (1932): "A lends B $5,000 for a year at the highest permissible rate of interest and as part of the bargain B guarantees payment of an antecedent debt of B's son to A. The transaction is usurious, since A derives an advantage from the collateral bargain for which he gives no equivalent."

Some courts have not condemned a borrower's undertaking of another person's debt. *Bullock v. Boyd,* 1 *Hoffman Ch.* (N. Y.) 294 (*Ch.* 1840); and see *Armstrong v. City Nat. Bank of Galveston,* 16 *S. W.* 2d 954 (*Tex. Ct. Civ. App.* 1929), *certiorari* denied 281 *U. S.* 737, 50 *S. Ct.* 333, 74 *L. Ed.* 1152 (1930); *Valentine v. Conner,* 40 *N. Y.* 248 (*Ct. App.* 1869). The *Armstrong* case, *supra,* may be explained on the basis of what might be viewed as separate consideration for the guaranty of the antecedent indebtedness, and the *Valentine* case, similarly, on the basis of special circumstances involving settlement of certain property rights between the

parties, a distinction which was observed by the Supreme Court of Alabama in *Darden v. Schuessler, supra.* See also Notes, 30 *Colum. L. Rev.* 747 (1930) and 13 *Minn. L. Rev.* 165 (1929); Annotation, "Usury as affected by borrower's assumption of responsibility in respect of other debt," 47 *A. L. R.* 57 (1927). But the majority rule is that the transaction is usurious. The sense of the rule comports with this State's policy against usury, a policy that requires "sympathetic sweep." *In re Greenberg, supra,* 21 *N. J.,* at *p.* 220.

In the case at hand plaintiffs point out that Anthony Zarriello was not only a comaker of the note, but an indorser as well, suggesting that in his capacity as a personal indorser he cannot raise the defense of usury. If Anthony Zarriello was not the borrower but simply the guarantor of Daniel Zarriello's obligation on the note, it is unlikely that Anthony Zarriello could raise the defense of usury because Daniel Zarriello himself could not have done so. Daniel Zarriello was an indorser of the corporate note in the earlier transaction and was indebted to plaintiffs for the overdue interest on that obligation *R. S.* 7:2–64. The defense of usury has been denied to one who agrees to pay his own antecedent indebtedness as a condition for a new loan. 6 *Williston, Contracts (rev. ed.* 1938), § 1693, *fn. 2, p.* 4790, and § 1687, *fn. 4, pp.* 4772–4773; *Armstrong v. City Nat. Bank of Galveston* and *Simpson v. Charters, supra;* Notes, 30 *Colum. L. Rev., supra,* at *p.* 748, and 13 *Minn. L. Rev., supra,* at *p.* 166. However, it is not possible to determine liability solely from the location of the respective signatures on the note, and to consider the liability of Anthony Zarriello as if he were solely an indorser of Daniel Zarriello's obligation, notwithstanding that the obligation of an indorser is said to be distinct and independent of that assumed by the maker of a note. See *Corn Exchange Nat. Bk. and Tr. Co., Phila. v. Taubel,* 113 *N. J. L.* 605, 613 (*E. & A.* 1934); *Schmid v. Haines,* 115 *N. J. L.* 271 (*E. & A.* 1935); *Oneida County Bank v. Lewis,* 23 *Misc.* 34, 51 *N. Y. S.* 826 (*Sup. Ct.* 1898), affirmed, memorandum decision, 35 *App. Div.* 631, 632, 55 *N. Y. S.* 1144

(*App. Div.* 1898). The rights of the immediate parties to the note in question must be determined by reference to the provisions and purposes of the usury law as well as the Negotiable Instruments Law.

Usury laws exist to protect oppressed borrowers, as distinguished from others, such as their guarantors. *Lee v. Stiger*, 30 *N. J. Eq.* 610, 611 (*Ch.* 1879); *Aitken v. Southwest Finance Corp. of Calif.*, 131 *Cal. App.* 95, 20 *P. 2d* 1000, 1003 (*D. Ct. App.* 1933). They are designed "to prevent avarice from preying upon necessity." *Borcherling's Executor v. Trefz, supra*, 40 *N. J. Eq.*, at *p.* 503. As noted above, they afford a defense to individuals who borrow money for themselves, but not to individuals who guarantee borrowings of a corporation. A rationale that suggests itself is that a guarantor or accommodation maker, as distinguished from the borrower himself, is not in need of protection; he is not likely to be overcome by financial need when assuming an obligation for the accommodation of another without participating in any of the borrowed money; so that if the underlying borrowing is not usurious as to the borrower, such as a corporation, the individual indorser or guarantor cannot claim usury. Of course, the realities may belie the rationale in a given case.

That defendant Anthony Zarriello was an indorser doesn't prove that he was not the borrower. He may have been a co-borrower or the sole borrower. On the other hand, one who signs a note as a maker or indorser, or both, may not be the borrower; he may be an accommodation party who, without receiving any of the proceeds of the loan, lends his name to some other person who is the actual borrower. *R. S.* 7:2–29; *Wolf v. Federal Deposit Insurance Co.*, 132 *N. J. Eq.* 389 (*E. & A.* 1942); *Trustees System Co. of Newark v. Stoll*, 13 *N. J. Misc.* 490, 179 *A.* 372 (*Sup. Ct.* 1935), holding that an accommodation comaker of a note was not a "borrower" within the meaning of the Small Loan Act.

The status of one who signs as a comaker of a note and on the back, as well, presumably as an indorser, *R. S.* 7:2–17, VI, is not expressly defined by the Negotiable Instru-

ments Law, although such an indorsement has been made in a number of cases. See *Modern Industrial Bank v. Taub*, 134 *N. J. L.* 260 (*E. & A.* 1946), reversing in part, 133 *N. J. L.* 285 (*Sup. Ct.* 1945) ; *Wolf v. Federal Deposit Insurance Co.*, and *Oneida County Bank v. Lewis, supra. Cf. R. S.* 7:2–63 and 7:2–64; and as to the status of irregular indorsers, see *Chaddock v. Vanness*, 35 *N. J. L.* 517 (*E. & A.* 1871) ; *Wilson v. Hendee*, 74 *N. J. L.* 640 (*E. & A.* 1907) ; *Gibbs v. Guaraglia*, 75 *N. J. L.* 168 (*Sup. Ct.* 1907) ; *Bump, Anomalous Endorsements* (1878). In any case, under the Negotiable Instruments Law it is clear that as between the immediate parties, defenses such as illegality or lack of consideration are available to an indorser as well as a maker. Plaintiffs here are the payees of the note sued upon. They were the original parties to the transaction and are not holders in due course. Accordingly, whether viewed as a maker or indorser, or both, Anthony Zarriello has the right to raise any defense he has to plaintiffs' claim as if the instrument were non-negotiable. *Franklin Discount Co. v. Ford*, 27 *N. J.* 473, 495 (1958) ; *R. S.* 7:2–58; 10 *C. J. S., Bills and Notes,* § 481 (1938). This includes the defense of usury, or other illegality, to the extent applicable. *Bruck v. Lambeck*, 63 *Misc.* 117, 118 *N. Y. S.* 494 (*N. Y. City Ct.* 1909) ; *Kass v. Blumberg*, 142 *N. Y. S.* 544 (*Sup. Ct.* 1913) ; *Keene v. Behan*, 40 *Wash.* 505, 82 *P.* 884 (*Sup. Ct.* 1905) ; 10 *C. J. S., Bills and Notes,* § 501 (1938). Both the principal debtor and his surety may raise the defense of usury. *Runkle v. Smith*, 89 *N. J. Eq.* 311 (*Ch.* 1918). In states that treat a usurious instrument as void, usury has been held to be a defense available even against a holder in due course, on the theory that the Negotiable Instruments Law was not intended to abrogate the usury laws. *Sabine v. Paine*, 166 *App. Div.* 9, 151 *N. Y. S.* 735 (*App. Div.* 1915), affirmed 223 *N. Y.* 401, 119 *N. E.* 849, 5 *A. L. R.* 1444 (*Ct. App.* 1918) ; Annotation, "Negotiable Instruments Law as affecting defense of usury," 5 *A. L. R.* 1447 (1920) ; *cf. N. J. S.* 12A :9–201.

The conclusion is that usury is a defense available to Anthony Zarriello if he was a borrower who, as an added price for a loan, assumed the obligation of the corporate defendant without receiving independent consideration for that additional undertaking. Because this matter was presented on motion for summary judgment, the nature of the transaction has not been fully explored. The liability of Anthony Zarriello cannot be determined from the bare outlines of the transaction contained in the affidavits submitted on this motion. A trial may reveal circumstances that would negate the claim of usury. Separate consideration for the assumption of the corporation's antecedent indebtedness has been mentioned as one circumstance. Or it may be shown that Anthony Zarriello was not the borrower but was an accommodation maker and indorser. Indeed, in answers to interrogatories submitted with this motion Anthony Zarriello has asserted that this was to be a corporate obligation; and in his answer to the complaint he asserted that the note was executed not in his individual capacity but as an agent of the corporate defendant. Accordingly, Anthony Zarriello's liability cannot be determined on the basis of the affidavits now before the court.

When the defense of usury is finally upheld or denied, liability for attorney's fees based upon the provision in the note can be adjudicated. See *N. J. S. A.* 31:1-3, providing for recovery of principal, without interest or costs of the action, "and no more." But *cf. Conner Air Lines v. Aviation Credit Corp.*, 280 *F. 2d* 895, 901 (5 *Cir.* 1960), *certiorari* denied, 364 *U. S.* 911, 81 *S. Ct.* 274, 5 *L. Ed. 2d* 225 (1960) ; *Purvis v. Frink*, 61 *Fla.* 712, 54 *So.* 862 (*Sup. Ct.* 1911) ; *Driver v. Tolstornog*, 358 *P. 2d* 1108 (*Okla. Sup. Ct.* 1960).

Plaintiffs' motion for summary judgment is denied.