*J. O. Adams, Howard Thompson,* contra.

---

13522.　NEW ZEALAND FIRE INSURANCE COMPANY LIMITED *v.* BREWER.

1. The provision of the act of the General Assembly creating the city court of Sandersville, that " the judge of said city court shall have power and authority to hear and determine without a jury all civil causes of which the said court has jurisdiction," where no written demand for a trial by jury is made by either party on or before the call of the docket, is not mandatory, but the judge of that court may submit a' civil case to a jury although no demand for a trial by jury has been entered by either party under the terms of the act. *Central Railroad* v. *Gleason,* 69 *Ga.* 200 (3); *Green* v. *State,* 6 *Ga. App.* 324 (64 S. E. 1121); *Hardy* v. *Boyer,* 7 *Ga. App.* 472 (2) (67 S. E. 205).

2. " All pleadings must receive a construction in accordance with the natural intendment of the words and language used, and, as a general rule, must be construed most strongly against the pleader (*Athens Mfg. Co.* v. *Rucker,* 80 *Ga.* 291 (4 S. E. 885) ); but if a petition be subject to two constructions, and there be no demurrer thereto, then, in determining whether the case has been proved as laid, that construction will be adopted which is most favorable to the assertion of a cause of action in the plaintiff's favor. *Payton* v. *Gulf Line Ry. Co.,* 4 *Ga. App.* 762 (62 S. E. 469)." *Bell* v. *State Life Insurance Co.,* 24 *Ga. App.* 497 (5) (101 S. E. 541).

(*a*) Applying this rule of construction, and referring especially to paragraph 5 of the petition, a cause of action was set forth as to the principal amount of the policy, which in the particulars here material was of the form of that involved in *Harp* v. *Fireman's Fund Insurance Co.,* 130 *Ga.* 726 (61 S. E. 704, 14 Ann. Cas. 299).

(*b*) The contention of the insurer that there was no allegation of compliance with the " iron-safe " clause, or of a reason for non-compliance (*Jefferson Standard Life Insurance Co.* v. *Brackin,* 147 *Ga.* 47 (3), 92 S. E. 930), is without merit, in view of the general averments of paragraph 5 of the complaint.

3. "Allegations in the petition for certiorari, not verified by the answer, are not to be taken as admitted, and present nothing for determination, either by the superior or the appellate court. *Landrum* v. *Moss*, 1 *Ga. App.* 216, 57 S. E. 96; *Little* v. *Fort Valley*, 123 *Ga.* 503, 51 S. E. 501; *Brown* v. *Gainesville*, 125 *Ga.* 238, 53 S. E. 1001." *Thompson* v. *Becham*, 2 *Ga. App.* 84 (58 S. E. 311). "They are not so verified when the answer is either silent in reference thereto, or expressly denies" them. *Taft Co.* v. *Smith*, 112 *Ga.* 196 (37 S. E. 424); *Colbert* v. *State*, 118 *Ga.* 302 (45 S. E. 403).

4. Since the presumptions are always in favor of the verdict and judgment, and the burden is upon him who alleges error to show it, uncertainties or ambiguities in the answer to the writ of certiorari as made by the trial judge must be construed, if it can be reasonably done, so as to sustain rather than to destroy the verdict and judgment.

(a) Applying the principles of this and the preceding paragraph, the judge's answer to the writ does not show that as to the principal and interest the verdict was subject to the assignment that it was without evidence sufficient to support it.

5. Where divisible items are sued for and recovered, a general assignment of error by the defendant that the verdict and judgment in favor of the plaintiff are contrary to law, because no cause of action was set forth in the suit, and because the verdict and judgment are unsupported by evidence, will only raise the question as to whether the petition alleged, or the proof sustained, a good cause of action as to any part of the plaintiff's demand. See, in this connection, *Cohn* v. *Brown*, 7 *Ga. App.* 395 (2) (66 S. E. 1038); *Napier* v. *Union Cotton Mills*, 93 *Ga.* 587 (20 S. E. 80); *Harris County* v. *Brady*, 115 *Ga.* 767 (2) (42 S. E. 71); *Wilson* v. *Danforth*, 47 *Ga.* 676 (3); *Port Wentworth Corporation* v. *Leavitt*, 24 *Ga. App.* 650 (101 S. E. 766). Hence the question as to the validity of the verdict and judgment for damages and attorney's fees is raised only by the last assignment (c) as mentioned in the statement of facts.

6. "Facts alleged positively [in a complaint] are constructive admissions in favor of the defendant of the facts so alleged, and therefore need not be proven by other evidence. The plaintiff, by introducing them in his bill and making them a part of the record, precludes himself from disputing their truth, whether they be true or false;" and can introduce no evidence to disprove them. They estop him so long as they stand. "The allegations and admissions of the complainant's [petition] are, therefore, evidence against him." *Peacock* v. *Terry*, 9 *Ga.* 137 (6), 150; *Hampton* v. *Thomas*, 11 *Ga.* 317, 320; *East Tennessee &c. Railway Co.* v. *Kane*, 92 *Ga.* 187 (5) (18 S. E. 18); *Kelly* v. *Strouse*, 116 *Ga.* 872 (5) (43 S. E. 280).

(a) Accordingly, where, although the averments of a complaint expressly negative the existence of a right which is claimed, a verdict is returned in favor of such claim, an assignment that the verdict is erroneous because unsupported by evidence may be considered and sustained, although it appears that evidence so called was offered in accord with such averments. In such a case it would be impossible in law to establish such right by any evidence whatever, and the averments will

not only exclude or supersede any evidence by which such a right is sought to be established, but themselves, as evidence for the defendant, will demand a finding against such claim.

7. The ruling stated in the last preceding paragraph in no wise conflicts with the rule that an exception to the sufficiency of the evidence cannot be employed to test the *sufficiency* of the pleadings,— a rule to be found in the following cases: *Kelly* v. *Strouse*, supra; *Johnson* v. *Thrower*, 123 *Ga.* 706 (2) (51 S. E. 636); *Henley* v. *Brockman*, 124 *Ga.* 1059 (2) (53 S. E. 672); *Savannah Chemical Co.* v. *Bragg*, 14 *Ga. App.* 371 (80 S. E. 858); *Guaranty Mutual Life &c. Co.* v. *Seals*, 27 *Ga. App.* 378 (108 S. E. 477); *Gunn* v. *Johnson*, 29 *Ga. App.* 610. The rule last referred to will apply in instances of a failure to allege some fact which would be a necessary ingredient of the cause of action attempted to be declared, or a constituent of the right which is claimed, and possibly in others also which need not now be supposed, but would have no application whatever where the averments of the suit affirmatively negative the existence of such right, or show the impossibility of its·existence under the suit as framed. In the latter case the averments by the complainant are to be treated as evidence deposited in the record in favor of his adversary. Besides the cases cited ·in the preceding paragraph, see Civil Code (1910), § 5775; *Lydia Pinkham Co.* v. *Gibbs*, 108 *Ga.* 138 (33 S. E. 945).

8. Under the provisions of section 2549 of the Civil Code (1910), the liability of the insurer for attorney's fees and damages could not accrue until the lapse of sixty days from the date of a demand made when there was a right to demand; and, since by the terms of the policy it was not payable until sixty days from the submission of proofs of loss, which were furnished on June 6, and since suit was filed on July 5, it was in law impossible, under the averments of the suit, for a legal demand for payment to have been made sixty days before the commencement of the action. It results that the averments not only failed to show a liability for attorney's fees and damages, but affirmatively negatived a liability therefor, and the verdict in favor of the plaintiff for these items was contrary to the evidence. Civil Code (1910), § 2549; *Lester* v. *Piedmont &c. Ins. Co.*, 55 *Ga.* 476 (4); *Ancient Order United Workmen* v. *Brown*, 112 *Ga.* 545 (3) (37 S. E. 890).

(a) While "an absolute refusal to pay waives a compliance with these preliminaries " (Civil Code of 1910, § 2490; *National Life Insurance Co.* v. *Jackson*, 18 *Ga. App.* 494, 89 S. E. 633; *Williams* v. *Atlas Assurance Co.*, 22 *Ga. App.* 661, 97 S. E. 91; *Liverpool &c. Insurance Co.* v. *Ellington*, 94 *Ga.* 785 (2), 21 S. E. 1006), such a waiver can be availing only when pleaded (*McLeod* v. *Travelers Insurance Co.*, 8 *Ga. App.* 765, 70 S. E. 157; *Fidelity & Casualty Co.* v. *Gate City National Bank*, 97 *Ga.* 634 (4), 25 S. E. 392, 33 L. R. A. 821, 54 Am. St. R. 440). Where the plaintiff alleges his compliance with the terms of the policy, instead of a reason for a noncompliance, and proceeds to trial and verdict without amending (*Liverpool &c. Insurance Co.* v. *Ellington*, supra), he is " shut into the case which he makes " (*Hampton* v. *Thomas*, supra); and although a demand is alleged to have been made more than sixty days before the filing of the suit, and it is alleged that the company " has

refused to pay," this must be construed with the other averments (*Gabbett* v. *City of Atlanta,* 137 *Ga.* 180 (1), 183, 73 S. E. 372) which distinctly disclose that the action is founded, not on a waiver by the insurer, but upon a compliance by the assured with the provisions of the policy.

(*b*) Though the rule of construction announced in paragraph 2 has been applied to the action for the principal of the policy, it cannot be applied to the allegations as to attorney's fees and damages; for, viewing the suit as a whole, a construction which would uphold the suit as to these items could in no view be " in accordance with the natural intendment of words and language of the pleadings." *Athens Manufacturing Co.* v. *Rucker,* supra. The same is to be said also of the application of the rule announced in paragraph 4 above.

(*c*) Under the theory of liability which the complaint presents, the averments of the demand and refusal cannot be taken as pleading inconsistently therewith such an " absolute refusal " as under the law would constitute a waiver of compliance by the assured with the " proof of loss " clause of the contract, but only as pleading an attempt to demand when payment was not demandable.

(*d*) Moreover, a letter to the assured by the insurer, dated June 13 (less than sixty days before the filing of the suit), containing a refusal to pay, introduced in evidence by the plaintiff, is the only evidence of a refusal of payment referred to in the answer of the judge to the writ; and the special mention of this evidence would imply that no other refusal was shown.

(*e*) If the suit could be held to be duplicitous, with the right of the plaintiff (there being no demurrer) to elect upon which theory he would proceed (*Central Railroad &c. Co.* v. *Pickett,* 87 *Ga.* 734, 13 S. E. 750; *Central of Georgia Ry. Co.* v. *Banks,* 128 *Ga.* 785, 58 S. E. 352), the statement in the trial judge's answer to the writ, that " plaintiff offered testimony in support of each of his allegations in the petition," would demand the conclusion that there was an election to proceed upon the theory of his having complied with the terms of the policy, rather than upon the theory of a waiver of compliance by the insurer.

(*f*) Under such an election the recovery for attorney's fees and damages would be unauthorized under the principles announced in paragraphs 6, 7, and 8, above. And yet if it were conceded that the case is one of election and that the election was to proceed upon the other theory mentioned, the recovery of such items would be equally illegal as being without evidence to support it, in view of the evidence as disclosed by the judge's answer and referred to in sub-paragraph *d* above.

9. There was no special or " general insistence " (Ga. L. 1921, p. 232) in the briefs for plaintiff in error upon any other points.

Since the recovery of attorney's fees and damages was unauthorized, but the verdict and judgment were not otherwise illegal for any of the reasons urged, the judgment of the superior court in overruling the certiorari is affirmed, upon condition that the plaintiff will write off the recovery as to attorney's fees and damages at the time the remittitur is made the judgment of the court below; otherwise the judgment will be reversed.

DECIDED FEBRUARY 27, 1923.

Certiorari; from Washington superior court — Judge Harde-man. March 17, 1922.

*Spalding, MacDougald & Libby, J. Hines. Wood,* for plaintiff in error.

*Evans & Evans,* contra.

BELL, J. The defendant in error brought a suit in the city court of Sandersville against the plaintiff in error (hereinafter called the company or the insurer) upon a policy of insurance, for the amount of the policy, and for interest, attorney's fees, and damages, alleging the loss by fire of the property insured, *the furnishing of " proofs of loss," and a compliance with all of the terms and conditions of the policy by the assured* (paragraph 5 of the complaint). A copy of the policy attached to the complaint contains stipulations that proofs of loss should be submitted within sixty days from the fire, that the policy should not be payable until the lapse of sixty days from the time such proofs were furnished, and that no suit could be maintainable until all the requirements of the policy were complied with, nor unless commenced within twelve months from the date of the fire. There was no stipulation that the policy should become null and void for a failure to furnish proofs in the stipulated time. The contract included also the usual " iron-safe " clause. The defendant filed an answer denying the material allegations of the complaint. No written demand for a trial by jury was made by either party. The case was tried at the first term, in accordance with the act creating the court (Ga. L. 1901, p. 164, sec. 38). A verdict and judgment were rendered on July 28, 1921, for the plaintiff, for the principal, interest, attorney's fees, and damages. The insurer was not present at the trial, either by counsel or any other representative.

The following appears by reference to the petition: The loss occurred on March 3; the proofs of loss were furnished on June 6; the filing of the suit was on July 5th; all in the same year. In the paragraph counting for attorney's fees and damages it is alleged that the assured demanded payment of the policy more than sixty days before the bringing of the suit, " and that the defendant company has stubbornly refused to pay said loss, and in said refusal to pay said loss . . . has acted in bad faith." Thereafter the insurer filed a petition for certiorari, containing in effect the following assignments of error (among others in no wise insisted

upon in the briefs in this court) : (*a*) that the verdict and judgment were erroneous for the reason that the case should have been tried by the judge without submission to a jury, since no written demand had been made by either party for a trial by jury; (*b*) that the verdict and judgment (as a whole) were contrary to law because no cause of action was alleged, and because the verdict was not supported by the evidence; (*c*) that the recovery for attorney's fees and damages was erroneous for being without evidence to support it. The writ was answered by the judge before whom the trial occurred, and thereafter the certiorari was overruled. The company excepted. Paragraphs 5 and 8 of the complaint were as follows:

" 5. Petitioner further shows that on the 6th day of June, 1921, petitioner furnished the defendant company with a proof of loss under said policy and otherwise performed all the conditions imposed upon him by said policy."

" 8. Petitioner further shows that more than sixty days have elapsed since the demand was made by petitioner upon the defendant company for the payment of the loss covered by said policy of insurance, and that the defendant company has stubbornly refused to pay said loss, and that in said refusal to pay said loss the defendant company has acted in bad faith; that petitioner has been forced to incur an expense of $250 as attorney's fees for the prosecution of the case against said defendant company, and that the defendant company has made itself liable for damages in the sum of 25 per cent. of the amount of said policy, and an additional sum of $250 for attorney's fees for the prosecution of said case."

So much of the answer to the certiorari as is here material was as follows: " Allegations in paragraphs 1 and 2 are true. Prior to the July term of city court of Sandersville the above-stated case was regularly set for hearing on the day and date when all other cases triable at said term were set for hearing, this case being set down for trial on the 15th day of July, 1921. On said date the court did sound the docket of all cases. When the above-stated case was reached in its regular place on the docket Mr. A. W. Evans, of counsel for the plaintiff, announced ready for plaintiff; there was no appearance for the defendant. The court inquired of Mr. Evans whether he wanted a jury trial, and he stated that he did, whereupon a jury was regularly empannelled, the plain-

tiff offered testimony in support of each of his allegations in the petition, showing the contract, the fire, and the destruction by fire of the property, the demand upon the defendant for a settlement of the loss occasioned as aforesaid and also the documentary evidence attached to petition for certiorari. The court is absolutely unable to give in detail the testimony, for the reason that at said term of court, as well as the succeeding ones, the court tried a large number of cases, and to reproduce the testimony in each, or any specified case, is a matter of impossibility." The " documentary evidence " mentioned in the answer is the letter of June 13, to which reference is made in the syllabus.

It is not necessary to add anything further to the syllabus.

*Judgment affirmed on condition. Jenkins, P. J., and Stephens, J., concur.*