### 16031. MYERS *v.* WOODSON.

1. Where a suit is brought upon a promissory note signed in a trade name by an individual, proof of the execution of the note in the manner alleged is sufficient, in the absence of anything to the contrary, to authorize the inference that the individual who signed the trade name to the note was a party thereto.
2. Where an individual personally executes a contract to which he is a party, the absolute want of any necessity that it should also be signed in his behalf by another as his agent is a circumstance which may be considered by the jury, with other circumstances, in weighing his testimony to the effect that he alone was a party to the note, and that the other person who participated in its execution was acting merely as his agent.
3. A defendant may, of course, file contradictory pleas (Civil Code of 1910, § 4646) ; but the plaintiff may take advantage of the contradictory nature of the defenses, and may use, as an admission against the defendant, a statement made in one of the pleas, although in another of the pleas there is set up a contradictory state of facts. The jury are not *bound* to accept the testimony of a witness which is contradictory to a plea he has filed.
4. In this action upon notes against two persons as partners, to which one of them filed a plea of no partnership, applying the above rulings to the evidence introduced upon the trial of the issue formed by such plea, it can not be said that the verdict found for the plaintiff was as a matter of law unauthorized, although a witness testified positively in support of the plea, and his testimony was not contradicted by the testimony of any other witness, nor inherently subject to discredit by the jury. The court did not err in overruling the defendant's motion for a new trial, based upon the usual general grounds only.

DECIDED APRIL 17, 1925.

Complaint; from city court of Bainbridge—Judge Spooner. October 13, 1924.

*Hartsfield & Conger,* for plaintiff in error.

*Harrell & Custer,* contra.

BELL, J. Robert E. Woodson brought suit against Sam J. Myers and S. Myers, doing business as the "Myers Pecan Products

Company," and the "Bainbridge Metal Company," upon eleven notes: One of them was signed "Myers Pecan Pro. Co." by Sam J. Myers and S. Myers, and the others were signed either "Myers Pecan Products Co." or "Bainbridge Metal Co." by Sam J. Myers. The defendant Sam J. Myers filed a special plea alleging that the names "Myers Pecan Products Company" and "Bainbridge Metal Company" were trade names used in the business of S. Myers, in which Sam J. Myers had no interest; that he was merely the employee and agent of S. Myers, his father, and in that capacity alone he signed the notes sued on. The defendants filed a joint answer denying that they did business together under the trade names as alleged, and averring that the business carried on under such names respectively belonged solely to S. Myers, and further setting up failure of consideration. By agreement S. Myers was dismissed from the suit, because of his bankruptcy. While the case went to trial generally, there was no proof of a failure of consideration, and the sole issue developed by the evidence was in regard to the matter set up in the special plea. The jury found against the plea, and in favor of the plaintiff for the amount sued for. The defendant made a motion for a new trial, which was overruled, and he excepted. Since the motion contains only the usual general grounds, the sole question for determination is whether there was evidence to support the verdict.

The pleadings of both parties having shown that the names "Myers Pecan Products Company" and "Bainbridge Metal Company" were mere trade names, and not the names of corporations, it follows that they were either the names of partnerships or trade names employed by an individual. Upon the filing of the plea of no partnership, it was incumbent on the plaintiff to prove the existence of the partnership, or that the defendant Sam J. Myers was the proprietor. *American Cotton College* v. *Atlanta Newspaper Union,* 138 *Ga.* 147 (3) (74 S. E. 1084); *Atlanta Trust Co.* v. *Willingham,* 20 *Ga. App.* 152 (92 S. E. 759); *Cowart* v. *Fender,* 137 *Ga.* 586 (5) (73 S. E. 822, Ann. Cas. 1913A, 932); 30 Cyc. 403 (c). Proof of the execution of the notes in the manner shown was sufficient to authorize the inference that Sam J. Myers was a party thereto, and to warrant a finding for the plaintiff, in the absence of rebuttal evidence demanding a contrary conclusion. *Cary* v. *Simpson,* 15 *Ga. App.* 280 (2, 3) (82

S. E. 918); *Swygert* v. *Bank of Haralson*, 13 *Ga. App.* 640 (2) (79 S. E. 759); *Miraglia* v. *Gose*, 17 *Ga. App.* 639 (2, 3) (87 S. E. 906); *American Cotton College* v. *Atlanta Newspaper Union*, supra. It might perhaps be otherwise if there had been nothing to show that these "companies" were not corporations.

When the plaintiff introduced the notes and rested, S. Myers was sworn as a witness for the defendant Sam J. Myers, and testified: "'S. J.,' sometimes written 'Sam J.,' is my son. He is now about twenty-five years of age. Myers Pecan Products Company and the Bainbridge Metal Company were trade names used by me individually. My son S. J. Myers had nothing whatever to do with the businesses; had no interest or concern in them whatsoever except as an agent and as an employee. On account of my son's educational advantages and my lack of information, I authorized him to sign notes and other contracts for me. He had no interest in either of the businesses. They were both individually owned and operated by me. He was not a partner in any wise in either of the businesses. He did not suffer any of the losses or share in any of the profits; he was simply an employee. When he first came back from school I started him off at $50 per month, but had raised his salary until he was receiving $100 per month. The notes sued on are my individual obligations. He simply signed the instruments upon my authority and as my agent. He received none of the benefits derived from the purchase of the goods for which the notes were given, and was not interested therein except as authorized by me and as an agent,—an employee of mine. My education is very limited. As a matter of fact I can scarcely read and can not write."

The evidence of this witness does not appear to have been subject to any inherent weakness or infirmity which would have authorized the jury to disregard it (see *Neill* v. *Hill*, 32 *Ga. App.* 381, 123 S. E. 30); and since there was no other testimony, we should think that a finding for the defendant was demanded except for other circumstances appearing in the record, to which we will now advert. One of the notes was signed "Myers Pecan Pro. Co. by Sam J. Myers (L. S.), S. Myers (L. S.)." If S. Myers was the sole proprietor, his signature to this note would have been all sufficient, without the superadded signature of his agent. Where an individual personally executes a contract to which he is a party,

it is wholly unnecessary, if not altogether unusual, that it should be signed also by his agent. Again, the parties defendant were Sam J. Myers and S. Myers, and these were meant by the word "defendants" in the answer. In the plea or answer which the defendants jointly filed, setting up failure of consideration, appears certain language in which joint liability of the defendants was practically admitted. For instance, paragraphs 8 and 10 of the answer were as follows: "8. Further answering, defendants say, subject to defendant S. J. Myers' plea of nonliability on account of the misjoinder of parties, that the Myers Pecan Products Company purchased from the plaintiff in November, 1919, one pecan cracking machine for the sum of $750, which machine defendants say was wholly inadequate and unsuited to the uses and purposes intended, and *for which the defendants paid the plaintiff* the sum of $750 in cash. Defendants further say that in 1920 *they purchased* two additional pecan cracking machines for the sum of $750 each, on which $500 in cash was paid,—the balance being evidenced by notes of said company payable to the plaintiff in the sum of $1000." "10. *Defendants* further show that in the fall of 1921 they purchased three additional machines of the same type and character of machine as above stated, to wit: model cracking machines of 1923, *for which they further agreed to pay* the sum of $2200, evidenced by eleven promissory notes of $200 each, making a total of said machines on hand purchased from said plaintiff six in number." (Italics ours.) The answer contained other admissions similar to those marked by the italics above.

A defendant may, of course, file contradictory pleas (Civil Code of 1910, § 4646); but the plaintiff may take advantage of the contradictory nature of the defenses and may use as an admission against the defendant a statement made in one of the pleas, although in another of the pleas there is set up a contradictory state of facts. *White Sewing Machine Co.* v. *Horkan, 7 Ga. App.* 283 (2). "Without offering the same in evidence, either party may avail himself of allegations or admissions made in the pleadings of the other." Civil Code (1910), § 5775. Where matter is contained in a pleading, from which inferences may be drawn beneficial to the opposite party, it may be considered as evidence in the record in his favor. *New Zealand Insurance Co.* v. *Brewer, 29 Ga. App.* 773 (6, 7) (116 S. E. 922); *Sims* v. *Ferrill, 45 Ga.* 585 (3);

*Hickson* v. *Bryan,* 75 *Ga.* 392 (2). The defendant could not deprive the plaintiff of the right to any inferences that might be drawn favorably to him from matter appearing in the plea of failure of consideration by declaring at the outset of that plea that it was made subject to the special plea previously filed. This was merely a precaution (taken unnecessarily, perhaps,—see *Warren Brick Co.* v. *LaGarde Lime Co.,* 12 *Ga. App.* 58 (1), 60, 76 S. E. 761), to avoid any conclusion that the special plea was waived. S. Myers was equally a party to the answer, and anything in that which was contrary to his testimony could be considered by the jury in passing upon the value of his evidence.

Considering the record as a whole, we can not say that the verdict was unauthorized.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*