## 18443.  WINDER NATIONAL BANK v. GRAHAM.

DECIDED SEPTEMBER 1, 1928.

*J. C. Pratt,* for plaintiff.  *J. D. Quillian,* for defendant.

BELL, J.  This was an action by Winder National Bank upon a joint and several note for $1,000 alleged to have been executed by W. G. Graham and Mrs. Delia Graham.  Mrs. Graham alone was sued.  She pleaded no consideration, non est factum, and usury. The court directed a verdict in her favor upon the plea of usury, and, the bank's motion for a new trial assigning error upon that ruling having been refused, the bank excepted.

■ Stated most favorably to the plaintiff bank, the evidence established conclusively and without dispute that W. G. Graham, a son of the defendant, being indebted to the bank upon a note for $12,500, past due since July 20, 1924, applied to the bank for a new loan of about $900 to be made jointly to himself and his mother, which loan they obtained on April 3, 1925.  As a condition

precedent to the making of this loan, the bank demanded that the defendant Mrs. Graham sign the note sued on in the sum of $1,000 as surety for W. G. Graham, to cover interest on the old loan from July 20, 1924, to July 20, 1925, thus extending the maturity of the old debt from a date in the past to a date in the future. There was nothing to show that Mrs. Graham was in any way connected with or responsible for the old debt, or that she desired any extension of the maturity thereof, or received any benefit whatever from such extension. The agreements herein referred to were made between the bank and W. G. Graham in the absence of Mrs. Graham. It does not appear that W. G. Graham was authorized to speak for his mother except for the purpose of obtaining the new loan of $900 to be made to him and to her jointly as above indicated. The full legal rate of interest was charged upon this loan, and the principal and interest amounted at maturity to $974.51, for which a note was executed by the borrowers; that debt has been fully paid and is now material only as the transaction in which the alleged usury was exacted, the contention of the defendant being that the amount of the note sued on was, as to her, usury.

We think the plea of usury was sustained by the evidence, as a matter of law, and, therefore, that the court committed no error in directing the verdict in favor of the defendant. According to our interpretation of the decision of the Supreme Court in *Bishop* v. *Exchange Bank,* 114 *Ga.* 962 (2) (41 S. E. 43), the promise of Mrs. Graham as surety, contained in the note sued on (assuming that she executed it), to become responsible for a debt of W. G. Graham in the sum of $1,000, was nothing more nor less than usury; and, under the act of 1916 (Ga. L. 1916, p. 48, Park's Code Supp. 1922, § 3438), was subject to be forfeited. Compare *Bank of Lumpkin* v. *Farmers State Bank,* 161 *Ga.* 801 (132 S. E. 221).

We do not think the conclusion should be otherwise merely because there was an extension of the old indebtedness due to the bank by W. G. Graham, although this, under other circumstances, could have amounted to a sufficient consideration for the note in controversy. The usury springs from the fact that the defendant was required at all to sign the note as surety, when the same was exacted as a condition precedent to the making of a loan to her by

another, upon which the full legal rate of interest was charged, and when as to her there was absolutely no other benefit or consideration for her promise as contained in the note. Nor do we think it material whether W. G. Graham was solvent or insolvent, although insolvency was a fact mentioned in the decision in the *Bishop* case, supra, and in some of the cases cited therein.

The defendant testified in support of her plea of non est factum and denied the whole transaction except as to the procuring of the new loan by herself and W. G. Graham, and as to the payment of that indebtedness. The evidence was in dispute as to the issue of non est factum, and, while it is true that the contention of the defendant upon that question might, without a further disclosure of the facts, appear to have been inconsistent with the plea of usury, and thus to have made the question of usury also a matter for determination by the jury (see *Wheeler* v. *Salinger*, 33 *Ga. App.* 300 (6, 7, 8), 125 S. E. 888; *Myers* v. *Woodson*, 33 *Ga. App.* 748 (3), 127 S. E. 888), such is not the case as actually made in the record.

The plea of usury, so far from admitting the execution of the instrument, expressly repeated the defendant's denial of its execution. It then proceeded to allege facts showing that the note in any event could not have been other than an usurious transaction. This plea was sustained by the testimony of H. M. Oakley, a former official or employee of the bank, from whose evidence it appeared, without dispute, that the terms and conditions of what we have herein referred to as the new loan were agreed to by the bank and W. G. Graham *in the absence of Mrs. Graham* and were as above stated. The witness prepared the papers and they were taken to the home of Mrs. Graham by Hope Harris, another of the bank's employees, for execution. The defendant testified that she signed only the note for $974.51, and knew nothing of any other transaction or agreement. Harris testified to his having carried the notes to the defendant's home for her signature, and that she executed each of them, including the one sued on. This witness gave no evidence whatever as to the nature of the transactions in question. The defendant's pleas *as drawn* were not contradictory, and there was no inconsistency or conflict between her testimony and that of Oakley, nor was Oakley contradicted by any other witness.

In these circumstances we think that the plea of usury was sustained by the evidence as a matter of law, and thus that the court did not err in directing the verdict in the defendant's favor.

■ The court did not err, as assigned in the motion for new trial, in admitting certain testimony referred to therein. There was no error in refusing the motion.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*