PUGH *v.* HERMITAGE LOAN CO.

(*Nashville.* December Term, 1933.)

Opinion filed February 24, 1934.

CARUTHERS EWING, JR., of Memphis, for appellant.

W. C. RODGERS, of Memphis, for appellee.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

This is a controversy between a "small loan company," qualified and operating under Code, sections 6721-6743, and its borrower. At the suit of the latter, the chancellor decreed the cancellation of his obligation to the company, upon the chancellor's finding, supported by stipulations of fact, that the sums paid by the borrower were sufficient to satisfy all legally enforceable claims of the lender.

On March 16, 1927, Pugh borrowed $300 from the loan company. There followed a series of eight similar transactions, the last being on April 15, 1933. On or before the maturity of each loan, a new note in the sum of $300 was executed. In each instance the unpaid balance of the preceding transaction was deducted from the amount advanced to the borrower on the new note.

The chancellor correctly treated the several borrowings as a continuous transaction between the parties. From the facts stipulated he found that the loan company had advanced a total sum of $1,205, and had been repaid a total of $1,581.20. Of this sum $950 was applied to reduce the principal, and $631.20 was collected as interest and fees. The total amount repaid, therefore, exceeds the sum borrowed by $376.20. Of this amount $90.17 was interest at the rate of six per cent per annum, and the balance, $286.03, was held by the chancellor as sufficient to cover all lawful fees which the loan company was entitled to charge on the loan. The loan company claims a balance still due of $255.

It is stipulated that the borrower made his payments promptly. The answer of the loan company admitted that it "has had but very little trouble and expense with this complainant." The stipulation refers to no expense incurred by the company with reference to this loan.

The loan company shows that it has outstanding about 1,196 loans, aggregating $74,000, and that its overhead expenses amount to about $1,000 a month. In the stipulation of facts it is shown that, by adding losses to the overhead expenses, the company had operated at a net loss during 1933.

If the overhead expense of the loan company be apportioned among the several loans according to their number, the *pro rata* share of each loan would be a little less than one dollar per month. Approximately the same result would be reached if the expense is apportioned in the proportion the amount of the particular loan bears to the total of the outstanding loans.

It therefore appears that the expense to the loan company of handling this loan was not in excess of one dollar per month, during the six and one-half years elapsing between the date of the first transaction and the filing of this suit, a total of $78.

Deducting this $78 as the prorated share of fixed expense and the $90.17 legal interest, there remains a balance of $463.03 which the company contends it was entitled to charge and receive as expense fees. It undertakes to justify its contention by referring to its losses on other loans. This we think it cannot do. To exact of one borrower a charge to reimburse the lender for losses he may sustain or has sustained on other loans is to directly exact that sum as compensation for the particular loan, which is nothing more or less than the exaction of additional interest on the loan, amounting,

not merely to an evasion of the laws against usury, but to a direct violation of them. The "losses" which the statute, Code, section 6733, authorizes to be considered in fixing the fee to be charged on a loan, are losses which may reasonably be apprehended on the particular transaction, and not losses which the lender may suffer in making other loans to other borrowers. A sum exacted for the use of money is usurious or not according to the proportion it bears to the amount loaned, and, if usurious by that measure, it is not rendered less so by the fact that other loans made by the same person show a loss.

There is therefore no basis on this record for holding the fees exacted of the borrower, computed at the rate of three per cent per month throughout the six and one-half years, bear any reasonable relation to the expense of the lender. The chancellor's finding that the evidence fails to justify an aggregate charge of fees in excess of $286.03 is clearly sustained, and his action in applying the excess to the satisfaction of the principal debt is affirmed. Whether the facts justify the charge of expense fees in so large a sum as that allowed by the chancellor is not presented for our determination; the complainant being satisfied with the result below.

Counsel for the loan company have reargued in this case contentions for a construction of the small loan statute which were rejected in *Koen* v. *State*, 162 Tenn., 573, 39 S. W. (2d), 283, 285, and in *Personal Finance Co.* v. *Hammack*, 163 Tenn., 641, 45 S. W. (2d), 528, 530. In the first of those cases we said that the statute leaves the parties free to agree upon a "reasonable service charge," within the maximum of three per cent per month; and in the latter case we said that the fee con-

tracted for must "bear reasonable relation to the expense and services of the lender in the transaction." In so construing the statute we did not invoke considerations of public policy judically created or interpreted, as counsel argues. We endeavored to give to the statute a construction which would not render it in conflict with the provision of the Constitution of Tennessee, article 11, section 7, authorizing the Legislature to provide a conventional rate of interest "not to exceed ten per centum per annum." By this constitutional limitation the Legislature, as well as the "freedom of contract" claimed by defendant, is limited in this jurisdiction. And it was with reference to that limitation that the court said, in *Koen* v. *State,* that the "legislature could not authorize the lender to arbitrarily fix a monthly expense fee of three per cent in addition to the annual interest on loans and did not intend to do so." If the statute had not been susceptible to the construction we have given it, we would have found it necessary to adjudge it in conflict with the constitutional limitation. A statute permitting a lender to charge sums as compensation for the use of money which amount to more than at the rate of ten per cent per annum is in clear conflict with the Constitution, whether the charge be denominated in the statute interest or fees or by any other name. To sustain the excess there must necessarily be some reasonable relation between the amount and the services and expense of the lender.

The decree is affirmed.