### 25196. ROGERS *v.* ROGERS.

SUTTON, J. In a suit on a note, where the defendant denies the execution of the note by a plea of non est factum, the burden of proving the execution of the note is on the plaintiff. *Lowe Cracker Co.* v. *Ginn,* 94 *Ga.* 408 (20 S. E. 106); *Stanton* v. *Burge,* 34 *Ga.* 435; *Thompson* v. *Kelsey,* 8 *Ga. App.* 23 (68 S. E. 518). The plaintiff testified that, while he was not an expert, in his opinion the purported signature of the defendant to the note and her admitted signature to the verified plea of non est factum, were the same, although he did not know that the defendant signed the note and could not swear that she did. The jury had this plea before them, and could make a physical comparison of the signature

thereon with the.signature on the note sued on. Therefore it was for the jury to decide whether or not the signature on the note was that of the defendant. Code of 1933, §§ 38-708, 38-709; *Wilson* v. *Barnard*, 10 *Ga. App.* 98 (72 S. E. 943); *Vizard* v. *Moody*, 119 *Ga.* 918 (8) 924 (47 S. E. 348); *Modern Order of Prœtorians* v. *Blackburn*, 42 *Ga. App.* 690 (157 S. E. 331); *Bessman* v. *Girardey*, 66 *Ga.* 18, 28. While there was a conflict in the evidence, this court can not hold that the judge abused his discretion in refusing a new trial. Code of 1933, § 70-206. The verdict in the plaintiff's favor was authorized by the evidence.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED FEBRUARY 6, 1936.

*W. T. Burkhalter,* for plaintiff in error.
*P. M. Anderson,* contra.