243 So.2d 475 (1971)
CURTISS NATIONAL BANK OF MIAMI SPRINGS, Appellant,
v.
Frank E. SOLOMON, Appellee.
No. 70-517.
District Court of Appeal of Florida, Third District.
February 2, 1971.
*476 Broad & Cassel and Lewis Horowitz, Miami Beach, McCarthy, Steel, Hector & Davis, Miami, for appellant.
William B. Roman, Miami, for appellee.
Before CHARLES CARROLL, and BARKDULL and SWANN, JJ.
CARROLL, Judge.
Following a nonjury trial in an action by the appellee against the appellant bank, the court granted judgment for the plaintiff Solomon against the bank for $21,078.54, being double the amount of interest which the court found had been paid by the plaintiff to the bank on a loan which the court found was usurious, in violation of § 687.03 Fla. Stat., F.S.A.
That section of the statute makes unlawful the reserving, charging or taking, for a loan or advance of money or for forbearance to enforce collection of any sum of money, a rate of interest greater than ten percent per annum either directly or indirectly, by way of commission for advances, discounts, exchange, or by any contract, contrivance or device whatever, whereby the debtor is required or obligated to pay a sum of money greater than the actual principal sum received, together with interest at the rate of ten percent. Section 687.04 Fla. Stat., F.S.A., provides that such usurious interest is uncollectible, and that where it has been paid there shall be forfeited "to the party from whom such usurious interest has been reserved, taken or exacted in any way, double the amount of interest so reserved, taken or exacted."
It is disclosed that in February of 1967 Solomon was indebted to the bank in the amount of $81,018.24 principal and $1,497.72 interest, secured by a pledge of various stocks owned by Solomon. Previously the bank made a loan of $20,000 to a corporation of which Solomon was a substantial stockholder. After payment of part of that loan the corporation had defaulted on a balance thereof amounting to $15,495.96. Subsequent to that default the bank had requested of Solomon, who was not obligated thereon, that he guarantee the payment thereof. Solomon had refused to do so, and the bank had charged off the unpaid balance of that corporation loan as uncollectible.
The bank had threatened to sell the pledged stock to discharge the Solomon indebtedness, which had matured. When Solomon sought forbearance, and the extension of his loan, the bank was willing to do so only if Solomon would pay $8,000 representing approximately one half of the defaulted loan of the corporation. In compliance therewith, Solomon gave the bank three new promissory notes, each providing for interest at the rate of 7 1/2% per annum and each payable in six months. One of the notes was for the amount of the principal *477 of Solomon's loan, a second note was for the past due interest thereon and the third note was for the $8,000 referred to above. After those notes matured, the bank sold certain of the pledged stock and applied the proceeds in payment of the Solomon note for the past due interest, and his note for payment of $8,000 of the defaulted corporation loan. To protect and regain his remaining pledged securities, Solomon paid the amount due to the bank on the note covering the principal of his loan as represented by the new note therefor.
The determinative question, on this appeal by the bank from the judgment, is whether the amount representing a debt owed to the lender by another party, which was required by the lender to be paid by the borrower as a condition of the renewal or new loan to the borrower, constituted interest within the meaning and intent of § 687.03 Fla. Stat., F.S.A., so as to render the loan usurious, where the amount of such required separate payment together with the interest stipulated for the loan aggregated more than 10% per annum.
In granting judgment for the plaintiff the trial court answered that question in the affirmative. We hold that in so ruling the trial court was eminently correct. Under the broad language of the Florida Statute (§ 687.03) against exaction of excessive interest, directly or indirectly, "by any contract, contrivance or device whatever," it is proper to classify as interest an agreement to pay, in addition to a stipulated rate of interest, the debt of another to the lender for which the borrower is not legally obligated. While the decisions in jurisdictions where that question has arisen are not uniform, we approve those which so hold. See Darden v. Schuessler, 154 Ala. 372, 45 So. 130; Winder National Bank v. Graham, 38 Ga. App. 552, 144 S.E. 357; Simpson v. Charters, 188 Ga. 842, 5 S.E.2d 27; Canal-Commercial Trust & Savings Bank v. Brewer, 143 Miss. 146, 108 So. 424; Ferdon v. Zarriello Bros., Inc., 87 N.J. Super. 124, 208 A.2d 186; Vee Bee Service Co. v. Household Finance Corporation, N.Y., Sup.Ct. 1944, 51 N.Y.S.2d 590; Pugh v. Hermitage Loan Co., 167 Tenn. 389, 70 S.W.2d 22.
When the lender has intentionally and purposely done that which amounts to or results in a contract for or the exaction of usurious interest, an argument by the lender that it was not shown the lender intended to violate the usury statute is without merit. Shorr v. Skafte, Fla. 1956, 90 So.2d 604, 607; Shaffran v. Holness, Fla. App. 1958, 102 So.2d 35, 39; Ross v. Whitman, Fla.App. 1966, 181 So.2d 701, 703; River Hills, Inc. v. Edwards, Fla.App. 1966, 190 So.2d 415, 424.
Affirmed.