MILLS, Judge
(dissenting) :
The usurious character of a contract must be determined as of the date of its inception, and if usurious at that time, no subsequent transaction will purge it. Coral Gables First National Bank v. Constructors of Florida, 119 So.2d 741 (Fla.App.3d, 1960).
When the lender intentionally does that which results in a contract for usurious interest, an argument by the lender that it is not shown that the lender intended to violate the usury statute is without merit. Curtiss National Bank v. Solomon, 243 So.2d 475 (Fla.App.3d 1971).
It is error for a trial court to direct a verdict unless there is no evidence, nor any reasonable inference which may be drawn from the evidence, which would support a verdict in favor of the party moved against. In passing on a motion for directed verdict, the court must accept as true all of the evidence and reasonable inferences therefrom which tend to support the position of the party moved against. National Bank of Melbourne & Trust Co. v. Batchelor, 266 So.2d 185 (Fla.App.4th, 1972).
The court correctly denied Gulf’s motion for a directed verdict. The note which was executed on 17 October provided that Penland would pay to Gulf, three years from 6 October, $225,000.00 principal plus ten percent interest per year amounting to $67,500.00. This required Penland to pay interest in excess of ten percent because he was required to pay ten percent interest for an eleven day period before he executed the note. In addition, the $85,000.00 which was not used in the transaction should not have been included in the principal of the note. The note should have been for $140,000.00 principal plus ten percent interest per year amounting to $42,000.00 payable three years from 17 October. The usury issue was properly submitted to the jury and the jury resolved this issue against Gulf.
I would have no quarrel with the majority opinion if it had reversed the trial court on the ground that it erred in striking Penland’s defense of lack of consideration. This logically follows the majority’s reasoning, because although there was consideration for the note on 17 October, *297 Gulf’s forebearance to sue, the conflicting facts presented by the record raise the issue of whether there was consideration on 6 October to which the note was back dated. The jury should have determined this disputed issue.
I would affirm the judgment.